CHARLES MAPLES, Respondent, *v.* ALEXANDER W. MACKEY, Impleaded, etc., Appellant.

Where a judgment by default, of a court of general jurisdiction, recites that the summons was personally served upon a defendant, the recital is sufficient to show that the court acquired jurisdiction, and a defect in the proof of service attached to the judgment-roll does not show want of jurisdiction or affect the validity of the judgment.

Statement of case.

All intendments are in favor of the validity of the judgment, until want of jurisdiction is affirmatively shown.

*It seems* that upon motion made to vacate a judgment because of informality of the proof of service of the summons, the informality may be cured by amendment.

The statute of limitations was not a defense to a proceeding under the Code of Procedure (§ 375), to make a judgment, recovered against one or more of several persons jointly indebted upon a contract, binding upon one not originally served with the summons, unless such defense existed at the time the action was commenced. The action was commenced by service of summons on the joint contractor (§ 99), and the proceeding was not a new action but a proceeding at the foot of the judgment.

The provision of said Code (§ 379), giving to the one sought to be charged by such proceeding the right to set up any defense which may have arisen subsequent to the judgment, places him in as good a position as though judgment had not been entered, but in no better.*

(Argued April 24, 1882 ; decided May 5, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 24, 1880, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 22 Hun, 228.)

This proceeding was instituted in 1876 under section 375, of the Code of Civil Procedure, to charge defendant Mackey with a judgment herein.

The action was brought in 1858 to recover an indebtedness contracted by defendants as copartners.

Judgment was entered by default, August 31, 1858 The judgment recited personal service of the summons with copy of complaint upon defendant Angell. The only proof of service which appeared in the judgment-roll was an admission of service signed by Angell. It was proved on the trial herein that such service was in fact made. Mackey interposed as a de-

---

* By the provision of the Code of Civil Procedure (§ 1937), which is the substitute for section 375 of the Old Code, the proceeding to charge a defendant, not originally served, is made an action. The defendant's answer, however, is expressly restricted (§ 1939) to such defense as might have been made to the original action, had summons been served on the debtor so sought to be charged when it was served upon his joint debtors, to objections to the judgment and to defenses or counter-claims which have arisen since. — REP.

fense the invalidity of the judgment and the statute of limitations.

*Nathaniel C. Moak* for appellant.　The proof of service of the original summons upon the defendant Angell was not sufficient to confer jurisdiction upon the court or the clerk of Tioga county to enter the original judgment, and that judgment, therefore, was void. (*Bloom* v. *Burdick*, 1 Hill, 130, 141; Code, § 246 ; *McCombe* v. *Mayor of New York*, 17 Abb. 32 ; *Thomas* v. *Tanner*, 14 How. 246 ; Throop's Code, § 434; 5 How. 346 ; *Wallace* v. *Wallace*, 4 Porter [Ala.], 120 ; *Norwood* v. *Riddle*, 9 id. 425.)　The proof of service by the admission of the party does not, as required by section 138 of the Code, state the place of such service, which is necessary to give jurisdiction to the clerk to enter the judgment, and without this the clerk has no authority to enter the judgment, and if he does, it is a nullity. (*Torlan* v. *Fagan*, 48 How. 240 ; *Reed* v. *French*, 28 N. Y. 295 ; *Kendall* v. *Washburne*, 14 How. 380.) This pretended written admission does not state the time of the service, and is for that reason defective. (Code, § 138, subd. 4.)　A summons must be served by the delivery of a copy thereof. (Code, § 134 ; 4 How. 375.)　The judgment entered in the Tioga county clerk's office being void, it cannot be the foundation upon which to predicate a proceeding, under section 375 of the Code of Procedure, to charge a liability upon the defendant Mackey. (2 Bouvier's Law Dict. 645 ; *Kendall* v. *Washburne*, 14 How. 381, 382; 17 Abb. 44–45 ; 23 Barb. 591 ; *Hallett* v. *Righter*, 13 How. 45 ; *Butler* v. *Lewis*, 10 Weekly Rep. 541 ; *Smith* v. *Fowler*, 12 id. 11 ; *Borden* v. *Fitch*, 15 Johns. 141 ; *Bigelow* v. *Stearns*, 19 id. 39.)　Plaintiff's offer to prove by the defendant Angell the genuineness of the signature to the alleged admission of service indorsed in the summons in the judgment-roll on the judgment entered in Tioga county should have been rejected. (*Bangs* v. *McIntosh*, 23 Barb. 596, 598 ; *Borden* v. *Fitch*, 15 Johns. 121 ; *Mills* v. *Martin*, 19 id. 33 ; *Elliott* v. *Pussol*, 1 Pet. 328.)　All records ot judgment must show upon their face that the court had

jurisdiction of the person. (*Smith* v. *Fowler*, 12 Vt. 11; *Hallett* v. *Righter*, 13 How. 46.) Upon the proof in this case the claim against this defendant Mackey is barred by the statute of limitations. (2 R. S. 337, §§ 3, 4; *Oakley* v. *Aspinwall*, 4 N. Y. 518–521; 30 How. Pr. 284–8; *Oakley* v. *Aspinwall*, 13 id. 500; *Newman* v. *Marvin*, 12 Hun, 240; Code, § 379; *Berlin* v. *Hall*, 48 Barb. 444; 4 Rob. 243; *White's Bank of Buffalo* v. *Ward*, 35 Barb. 741.) No act or omission of the defendant Angell can affect Mackey after the dissolution of the partnership between them. (*Van Curen* v. *Parmerlee*, 2 N. Y. 530; *Winchell* v. *Hicks*, 18 id. 560; *Payne* v. *Gardiner*, 29 id. 178–9. *Schoonmaker* v. *Benedict*, 11 id. 176; *Bank* v. *Norton*, 1 Hill, 573; *Mitchell* v. *Ostrom*, 2 id. 520; *Jackson* v. *Hoag*, 6 Johns. 58; Code, subd. 1, § 136; 3 R. S. [5th ed. Banks], p. 688, §§ 1–4; *Oakley* v. *Aspinwall*, 4 N. Y. 518; *Berlin* v. *Hall*, 48 Barb. 442.) If laws are not plainly repugnant to each other, the later will not be deemed a repeal of the former unless in the one last enacted some notice is taken of the other. (*Bowen* v. *Lease*, 5 Hill, 221; *Van Rensselaer* v. *Snyder*, 5 B. R. 302; 13 N. Y. 299.)

*Arthur More* for respondent. The recital in the judgment that the summons and complaint were personally served on the defendant Angell more than twenty days prior to that date, though not conclusive, is presumptive evidence of its truth. (*Porter* v. *Bronson*, 29 How. Pr. 292; *Ferguson* v. *Crawford*, 70 N. Y. 253; *Hatcher* v. *Rocheleau*, 18 id. 92; *Dunlop* v. *Edwards*, 3 id. 341; *Catling* v. *Billings*, 16 id. 622; *Shaettler* v. *Gardiner*, 47 id. 404; *Alling* v. *Fahy*, 70 id. 571; *Whitney* v. *Townsend*, 67 id. 40; *Tucker* v. *Leland*, 75 id. 186.) An error by the clerk or the attorney, in the performance of that duty, might make the judgment irregular, but would not render it void. (*Farmers' Loan & Trust Co.* v. *Dickson*, 17 How. Pr. 477; *Cooper* v. *Shaver*, 41 Barb. 157.) An irregular judgment can only be reviewed by a direct proceeding to vacate it. (*Jones* v. *U. S. Slate Co.*, 16 How. 129; *Mitchel* v. *Van*

*Buren*, 27 N. Y. 300 ; *Ingram* v. *Robbins*, 33 id. 418; *Chapel* v. *Chapel*, 12 id. 222 ; *White* v. *Bogart*, 73 id. 256; *Hunter* v. *Lester*, 18 How. Pr. 349; *Nones* v. *The Hope Mutual Insurance Co.*, 8 Barb. 541 ; *Peck* v. *Richardson*, 9 Hun, 567; *Grant* v. *Vandercook*, 57 Barb. 175 ; *Watkins* v. *Abrams*, 24 N. Y. 72; 3 Wait's Pr. 732; 3 R. S. [5th ed.]' 627; *Williams* v. *Wheeler*, 1 Barb. 48 ; 3 R. S. [5th ed.] 722, 723 ; Code of Civil Procedure, § 721 ; *Pendleton* v. *Weed*, 17 N. Y. 75; *Ferguson* v. *Crawford*, 70 id. 254.) The judgment in suit is neither void nor voidable, and had a motion been made to set it aside as irregular, the court would have denied the motion, or at most ordered the judgment amended *nunc pro tunc.* The admission of service was sufficient under the Code as it stood at that time. (*People* v. *Walker*, 23 Barb. 304 ; *Wynehamer* v. *The People*, 13 N. Y. 395 ; *Tallman* v. *Barnes*, 12 Wend. 227 ; *Bennett* v. *Couchman*, 48 Barb. 74 ; *Van Alstyne* v. *Cook*, 25 N. Y. 490 ; *White* v. *Bogart*, 73 id. 256.) The plaintiff's right of action is not barred by the statute of limitations. (*Evans* v. *Cleveland*, 72 N. Y. 486 ; *Garland* v. *Chattel*, 12 Johns. 430; *Gibson* v. *VanDerzee*, 47 How. 231 ; *Broadway Bank* v. *Luff*, 51 id. 479 ; *White's Bank of Buffalo* v. *Ward*, 35 Barb. 643 ; *Merritt* v. *Scott*, 3 Hun, 659.)

Rapallo, J. Judgment was entered August 31, 1858, in favor of the plaintiff against Angell and Mackey upon a joint contract. The judgment was by default and recited that the summons and a copy of the complaint had been personally served on Angell, one of the defendants. This recital was sufficient to show that the court had acquired jurisdiction, and even if the proof of service filed with the judgment-roll was defective, that irregularity did not show want of jurisdiction or affect the validity of the judgment. It having been rendered by a court of general jurisdiction, all intendments are in favor of its validity until want of jurisdiction is affirmatively shown. There was no attempt to disprove the recital, but on the contrary, its truth was affirmatively proved on the trial of this proceeding. If a motion had been made to vacate the

judgment, the informality of the proof of service could have been cured by amendment. (*White* v. *Bogart*, 73 N. Y. 256.)

It stood, therefore, as a valid judgment against both defendants as joint debtors, and bound their joint property, and the separate property of the defendant served. The present proceeding is not a new action, but a proceeding at foot of the judgment, under section 375 of the Code of Procedure, to make the judgment binding upon the defendant Mackey and his separate property as if he had been originally served. The action had been commenced against him in 1858 by the service of the summons on his co-defendant and joint contractor Angell (Code of Procedure, § 99), and the present proceeding is in the action which had been thus previously commenced.

The statute of limitations is no defense to this proceeding, unless such defense existed at the time the action was commenced. There is no statute which limits the time within which such a proceeding must be instituted. Section 379 of the Code of Procedure, as it stood when this proceeding was instituted, authorized the defendant to deny the judgment, or set up any defense thereto which may have arisen subsequently, and in addition, to make any defense which he might originally have made to the action. He was under this section at liberty to show that the judgment had been paid or otherwise discharged, and if twenty years had elapsed probably the presumption of payment would have applied. But the action having been commenced in due time, by service on his co-defendant, he cannot sustain the defense of the statute of limitations. The statute places him with regard to his defense in as good a position as though judgment had not been entered, but in no better.

The judgment should be affirmed.

All concur, except MILLER and TRACY, JJ., absent.

Judgment affirmed.