James Talcott, Appellant, *v.* Horton Harder et al., Respondents.

The fact that an insolvent debtor, after the commencement of bankruptcy proceedings against him, transferred property, by way of preference, to a creditor, in violation of the provisions of the Bankrupt Act, is not, under the laws of this state, any evidence of fraud.

Where, therefore, on trial of an action to set aside a conveyance of real estate made by an insolvent debtor, as executed to hinder, delay and defraud creditors, the court excluded evidence offered by plaintiff to the effect that prior to the conveyance, bankruptcy proceedings had been commenced against the grantor and an order issued therein restraining him from making any distribution of the property, *held*, no error.

(Argued March 3, 1890; decided March 11, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 1, 1888, which affirmed a judgment in favor of the defendant entered upon the report of a referee.

This action was brought to vacate, as fraudulent, a conveyance of real estate made by defendant, Horton Harder, who,

it was conceded, was at the time insolvent, to defendant Nich-olas W. Harder, and a conveyance of the same property from Nicholas W. Harder to Mary G. Harder, wife of the insolvent.

The facts, so far as material, are stated in the opinion.

*S. F. Kneeland* for appellant. The referee erred in exclud-ing the testimony relating to the proceedings in bankruptcy on the day of the transfer. (*Starin* v. *Kelley*, 88 N. Y. 421.) The transfer by the defendant, Horton Harder, to his brother, Nicholas W. Harder, was fraudulent in fact and in law. ( *Wood* v. *Hunt*, 38 Barb. 302; *Newman* v. *Cordell*, 43 id. 443; *Ericsson* v. *Quinn*, 47 N. Y. 410; *Starin* v. *Kelley*, 88 id. 421; *Cole* v. *Tyler*, 65 id. 73; *Garrison* v. *Monaghan*, 33 Penn. St. 232; *Parker* v. *Crane*, 6 Wend. 647; *Mayor, etc.*, v. *McCarty*, 102 N. Y. 631; *Hubbard* v. *Allen*, 59 Ala. 283; *Chadwick* v. *Founer*, 69 N. Y. 404.) The erroneous statement of the consideration in a deed standing alone is a badge of fraud. (Wait on Fraud. Con. § 228.) The transfer from Nicholas W. Harder to Mary G. Harder is fraudulent. (*Newman* v. *Cordell*, 43 Barb. 448; *Hubbard* v. *Allen*, 59 Ala. 283.) The plaintiff showed a right to affirmative relief on the ground that the transfer operated as a security only. (*Elliott* v. *Wood*, 53 Barb. 285; *Murray* v. *Walker*, 31 N. Y. 399; *White* v. *Moore*, 1 Paige, 551; *Williams* v. *Thorn*, 11 id. 459; *Bolles* v. *Duff*, 10 Abb. [N. S.] 399, 403.) The positive denial of fraud in an answer will not prevail against admissions, in the same pleading, of facts which show the transactions to be fraudulent. (*Robinson* v. *Stewart*, 10 N. Y. 190; *Clements* v. *Moore*, 6 Wall. 299; 23 Abb. [N. C.] 394.)

*Esek Cowen* for respondent. The complaint was properly dismissed, as the defendants were both purchasers for value, and no proof of any notice to them of fraud was given. (*People* v. *McCarthy*, 102 N. Y. 638; *Jackson* v. *McChesney*, 7 Cow. 360; *Wood* v. *Chapin*, 13 N. Y. 509.) A party who receives property in satisfaction of an existing indebtedness, actual or contingent, is a purchaser for value, within the mean-

ing of the act in relation to fraudulent conveyances. (*Murphy* v. *Griggs*, 89 N. Y. 446 ; *Seymour* v. *Wilson*, 19 id. 42 ; *Birdseye* v. *Ray*, 4 Hill, 163.) A verbal assumption of an incumbrance is valid. (Jones on Mort. § 750 ; *Wilson* v. *King*, 23 N. J. Eq. 150 ; *King* v. *Whitely*, 10 Paige, 465 ; *Trotter* v. *Hughes*, 12 N. Y. 74.) No merger was intended. (*James* v. *Mowry*, 2 Cow. 246.) Mrs. Harder having assumed the mortgage and promised to pay it, would be estopped from claiming a merger. (*Reed* v. *Latson*, 15 Barb. 9.)

PECKHAM, J. The referee found that Nicholas W. Harder was a purchaser from Horton Harder (the judgment debtor and the original owner), for a valuable consideration and that there was no proof charging him with any knowledge of an intent on the part of Horton Harder to defraud his creditors, if such intent existed. The referee also found that Mary G. Harder was a purchaser from Nicholas W. Harder for a valuable consideration without notice of any alleged design of Horton Harder to defraud.

These findings are supported by the evidence and there is no admission in any of the answers at war with them, and the answers were not read in evidence.

The plaintiff, however, claims the referee erred in excluding evidence offered by him for the purpose of showing, as alleged in his complaint, that bankruptcy proceedings had been commenced against the defendant Horton Harder, the day on which his deed to Nicholas W. Harder bears date, and that an order had been issued, in such proceedings, restraining him from making any disposition of his property, and that such order had been served on Horton before he executed his deed to Nicholas.

This proof was objected to on the ground that it was immaterial and incompetent, and the objection was sustained and the plaintiff excepted. The plaintiff claims this proof was admissible as part of the *res gestæ*, "and that as any transfer was void under the bankrupt law, it necessarily tends to hinder and delay creditors, if any such transfer was

made." It was a violation of the bankrupt law to give a preference, and if proceedings had been taken by an assignee in bankruptcy, under that law, such transfer might have been avoided.

But a transfer, by an insolvent, by way of preference to a creditor, was not illegal under our state law, and as this is a proceeding under that law the defendants' acts must be judged by it. Every creditor, it is true, had the right to the protection and benefit of the bankrupt law, and if the plaintiff had sought it in the forum, where such law could be invoked, it may be assumed that he would have obtained it.

It cannot be contended that, under the law of this state, there was any evidence of fraud in the mere fact of a preference being given by an insolvent debtor, if there were no bankruptcy proceeding pending. How is the pendency of such proceeding of the least materiality in the jurisdiction which permitted a preference to be given?

The fact that the debtor had executed this deed when he was insolvent, would be very good ground, in an action under the bankrupt law, to set aside such conveyance as a fraud under the act, whether he knew proceedings had at that time been commenced against him or not, but I do not see how it is in the least material to show a fact which, when proved, would have no effect upon the right of the grantor to make the deed, so far as the state law is concerned. It was admitted that Horton Harder was insolvent in April, at the time he made this deed, and so proceedings in bankruptcy were wholly immaterial to show that fact.

The bankruptcy proceedings never resulted in the appointment of an assignee, and nothing further is alleged in the complaint, than that such proceedings were commenced and a restraining order issued. The most that could be claimed for this evidence would be, that it tended to show an intent to violate, or a clear violation of the Bankruptcy Act, in giving preferences to creditors or in making transfers of property, and that fact does not show, or tend to show, any fraud upon creditors under our state law.

Under such circumstances the existence of proceedings in bankruptcy is no part of. the *res gestæ* in an action in the state court to set aside the conveyance as executed to hinder, delay and defraud creditors.

The fact of such a transfer in violation of the act, does not in an action in our state court necessarily or at all tend to hin-der, delay or defraud creditors, as claimed by the counsel for the plaintiff, for it was a transfer which was permitted by our state law, and to do what the law permits is not a fraud.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.