## AUGUSTUS N. LINDSLEY, Respondent, *v.* HENRY W. VAN CORTLANDT, AUGUSTUS VAN CORTLANDT and HALL B. WARING, Appellants.

| 67 | 145 |
| 142a | 682 |

*Judgment on an offer of the defendant — proceedings supplementary to execution — appointment of a receiver — bill of sale from a son to his father — action by an attaching creditor to vacate the same on the ground of fraud.*

Proof of service of a summons need not be filed on the entry of a judgment on the acceptance of an offer for judgment before trial. (Code of Civil Pro., § 738.)

At most, where a judgment, entered on the acceptance of an offer for judgment before trial is attacked, the plaintiff in such judgment must prove the service of the summons, if required, but not necessarily by the judgment-roll.

An affidavit of service of a summons, in an action in which judgment has been entered on an offer, may, on motion, be attached to the judgment-roll *nunc pro tunc.*

An inference that a judgment, regularly entered on an offer, was entered, in pursuance of a scheme to defraud creditors, requires convincing proof of fraudulent intent on the part of both parties to the judgment, where it was entered to enforce payment of an honest debt justly and wholly due.

It is not illegal or fraudulent for a judgment-debtor to facilitate proceedings against himself, supplementary to execution, unless there was a fraudulent intent.

An irregularity, consisting in a receiver, regularly appointed by the county judge, in proceedings supplementary to an execution from the Supreme Court, applying to and obtaining from a County Court an order directing the sale of property in his hands in disregard of section 2471 of the Code of Civil Procedure, which declares that a receiver in such proceedings "is subject to the direction and control of the court out of which the execution was issued," is harmless as against a creditor of the judgment-debtor, who has obtained an injunction from the Supreme Court controlling the action of such receiver in the premises.

The facts connected with a bill of sale made by a son to his father for a valid claim, and a judgment in favor of the father, entered on an offer by the son for a further actual indebtedness, followed by supplementary proceedings and the appointment of a receiver:

*Held,* to show, at most, an intent to give and accept a preference, and, in the absence of proof of fraud, not to warrant the setting aside of such bill of sale, judgment, and the appointment of the receiver, at the suit of another creditor of the son.

*Semble,* that a mere attaching creditor, who has recovered no judgment in his attachment suit, cannot maintain an action to set aside such bill of sale, judgment, and appointment of receiver.

APPEALS by the defendants, Henry W. Van Cortlandt and Hall B. Waring, and by Augustus Van Cortlandt, from a judgment rendered at the Westchester Special Term and entered in the office of the clerk of Westchester county on the 7th day of May, 1892, in favor of the plaintiff, a creditor of the defendant Henry W. Van Cortlandt, in an action brought to set aside, as irregular and fraudulent, a judgment recovered by the defendant, Augustus Van Cortlandt, against his son, the defendant, Henry W. Van Cortlandt, for money loaned; supplementary proceedings on the execution; an order issued thereunder appointing the defendant Waring receiver in such proceedings, and a bill of sale of personal property made by Henry W. to Augustus Van Cortlandt; also an appeal from an order, entered in clerk's office on the 27th day of February, 1892, permitting the plaintiff to set up certain allegations by way of supplemental complaint.

*John H. Ferguson,* for the appellants, Henry W. Van Cortlandt and Hall B. Waring.

*William W. Scrugham,* for the appellant, Augustus Van Cortlandt.

*James M. Hunt,* for the respondent.

BARNARD, P. J.:

The finding that the judgment obtained by Augustus Van Cortlandt against Henry Van Cortlandt on the 21st of July, 1891, was irregular, illegal and void, is not supported by the evidence. The debt upon which it was founded was good, and it is so found by the trial court. The claim was put into the hands of Rews & Schrugham for the purpose of obtaining a judgment upon it. William N. Schrugham served a summons personally upon the defendant, and he made an offer of judgment, which was accepted. In filing the papers for judgment, no proof of the service of the summons was annexed; but the summons and complaint, the offer and acceptance, both acknowledged by the respective parties. The omission was subsequently corrected, and the plaintiff, Augustus Lindsley, was permitted to file proof of service. The judgment lacks nothing in form. Was it given to defraud creditors? There is nothing to prove such an intent, assuming the judgment to be valid. The plaintiff immediately issued execution upon it, and obtained a

receiver. The bill of sale of the personal property given by Henry Van Cortlandt was valid. The debt to his father was reduced, by this sale, $728. Augustus Van Cortlandt took immediate possession, and has ever since retained it. The receiver took possession of the remaining personal assets as receiver, and, under the order of the county judge, proceeded to advertise the same at public auction, when he was arrested by the injunction herein. Augustus Van Cortlandt was diligent, and did not suffer his execution to become dormant, and if he had a good debt, he had the same rights as a stranger. Upon the merits the defendants are entitled to have a reversal of this judgment. It seems to be established by a long line of authorities that the plaintiff in this action, not being a judgment-creditor, cannot maintain it. (*Sullivan* v. *Miller*, 106 N. Y., 635; *Briggs* v. *Austin*, 129 id., 208; *Frothingham* v. *Hodenpyl*, 32 N. E. Rep., 240.)

The granting of the order to file the proof of the service of the summons and complaint was clearly within the power of the court if it was necessary. The service was made, and the order merely permitted the filing of the proof as if it had been filed in due time. I think the judgment was good without it. The granting of the motion made by plaintiff to insert allegations in the complaint that the bill of sale was fraudulent, was also proper. It could have been proven without the insertion of section 4 of the complaint, under the general allegations of fraud. An act done in fraud of creditors at about the same time, will be received to show fraudulent intent.

The order should be affirmed, without costs.

The judgment should be reversed and the complaint dismissed, with costs.

PRATT, J.:

I am unable to concur in the conclusions reached by the learned trial judge in this cause. The action was brought to set aside a bill of sale and certain judicial proceedings on the theory that they were fraudulent as against creditors. The controlling facts have been found or appear by evidence substantially undisputed.

Young Van Cortlandt owed his father $7,988.50, on July 20, 1891. He also owed the plaintiff quite a sum, the precise amount not being important in my view of the questions here involved. He on that day sold certain property to his father by a bill of sale,

apparently regular on its face, in consideration therein expressed of $728.35, which sum was immediately credited by the father in reduction of this debt, thus leaving the debt $7,260.15. The father immediately entered into possession of these goods, and there is no evidence that he did not maintain it. The sum mentioned as a consideration in the bill of sale was a fair price for the goods covered thereby. So much appears by the findings. The defendants each requested the court to find that on the same day the father commenced an action in this court against the son to recover $7,060.15. The court refused so to find on the request of the father and omitted to pass on a like request by the other defendant. The request was undoubtedly material as will presently appear. There can be no question but that the action was commenced on that day. The son swore that the summons was served but did not state the date. But the findings show that on the 20th day of July, 1891, the son appeared in person in the action, and offered judgment for $7,060.15, with costs, and that this offer was accepted on the same day. These facts appeared without contradiction by the affidavit of the father's attorney, and also by due acknowledgment of both the offer and acceptance all attached to the judgment-roll. Judgment was entered July 21, 1891, on these papers and upon the summons and complaint which was verified on the twentieth. But no proof of service of the summons was originally filed with the judgment-roll. The letter of the Code did not require such proof of service. It provides that plaintiff may file the summons, complaint and offer with proof of acceptance, and *thereupon* the clerk *must* "enter judgment accordingly." It is thus plain that the judgment-roll included everything required by the statute, and showed that the action was actually commenced on July 20, 1891.

It is suggested that the practice required that the summons must have been actually served before the offer could have been properly made. (On the authority of *Trier* v. *Herman*, 115 N. Y., 163.) The answer is threefold : (1.) This case decides no such point. That precise question was not involved in that case. The learned court simply and incidentally remarked *obiter* that the plaintiff "must pursue the practice prescribed." (2.) The Code (§ 738) does not require filing of the proof of service of the summons. Hence this judgment was regular on its face without that proof. (3.) At most

the plaintiff in such a judgment must prove the service if required, but not necessarily by the judgment-roll. And he did prove it by the son's oath as a witness on this trial. Of course, his statement raised the question of his credibility; but the circumstances satisfy my mind that the statement was true. And again: Pending the trial of this action the court, on special motion in the father's action, allowed him to file the affidavit of service of that summons, and directed the clerk to attach it to the judgment-roll *nunc pro tunc.* (See *White* v. *Bogart,* 73 N. Y., 256.)

. I think this supposed irregularity had some influence upon the decision. Its twenty-eighth paragraph states without limitation or qualification that this judgment was irregular, illegal and void. The defendants excepted to this finding. What the irregularity was, in what respect it was illegal, and how it was void, are matters which are difficult to understand. Here was an honest debt covered by what seems to me a perfectly regular judgment. Possibly the purpose of the parties may have been to obtain a preference; but that was not a wrong *per se* (*Beards* v. *Wheeler,* 76 N. Y., 213.) So, too, circumstances might exist which would satisfy the court that it was entered in pursuance of a scheme to defraud creditors; but such an inference would require most convincing proof of fraudulent intent on the part of both parties in a case where the judgment was entered upon an honest debt justly and wholly due.

An execution was issued on this judgment July 21, 1891, to the sheriff of the county where the judgment-debtor resided, which was returned on or before August 1, 1891; and on that day an order was obtained against him in supplementary proceedings, granted by the county judge of that county, under which he was examined before that judge on the same day; and on the same day, at the close of the examination, an order was made by the same county judge appointing Mr. Hale a receiver of the judgment-debtor's property; and the receiver duly qualified August 8, 1891. These dates unquestionably show that the judgment-debtor was facilitating these proceedings, but there was nothing illegal or fraudulent in that, unless there was a fraudulent intent. The county judge had jurisdiction to make this order for this examination. (Code, § 2434). And because the application was made "at the close of the examination," he unquestionably had jurisdiction to make the order

appointing the receiver. (Sec. 2464.) The case does not affirmatively show that this order was filed, but we cannot presume such an omission in view of the receiver's subsequent qualification and proceedings. The title of the judgment-debtor's property, therefore, vested in the receiver. (Sec. 2468.) Subsequently (August 15, 1891), the receiver applied to the County *Court* of that county by petition, and that *court* assumed to make an order instructing him to sell the property in his hands. This may have been wrong. (Sec. 2471.) But this action did not hinge upon that point as will presently appear.

In the meantime the plaintiff sued on his debt; ana on August 31, 1891, obtained an attachment which was delivered, based on allegations that the son had fraudulently disposed of his property. That attachment was delivered to the sheriff of the same county and was served on the receiver, who was then in possession of the property formerly owned by the son. The plaintiff then commenced this action, the object of which was to attack the *bona fides* of the bill of sale to the father and these judicial proceedings in his favor, and to have them adjudged irregular, illegal and void. And the court has, in substance, held them not only fraudulent, but irregular and illegal.

For reasons already stated, they were not irregular, and it was error, as it seems to me, that they should have been thus adjudged. Nor were they void, except on the theory that they were fraudulent as against the plaintiff. This remark, of course, does not apply to the order of the County Court instructing the receiver, who was, doubtless, subject to the direction of this court. (Code, § 2471.) But no harm has been done in that regard, because the plaintiff applied to this court in this action for, and obtained an injunction; and the court, on hearing the parties, permitted the receiver to collect the assets, and directed that when he realized $1,890, that sum should be paid into this court, and the injunction was dissolved on the subsequent payment of that sum.

Now, I fail to detect any evidence upon which to adjudge any bad faith on the part of the receiver, and since the judgment holds all these proceedings void, there was an error committed against him which calls for reversal and a new trial. Perhaps the direction by the County Court was invalid, but his appointment was undoubtedly

valid; and, since he has acted in good faith, he was entitled to the protection of the court. There was, therefore, no reason why he should have been ignored, or for the appointment of a new receiver.

In the next place, I think the decision proceeds upon the theory of the illegality and irregularity of the bill of sale to, and proceedings in favor of the father. The findings in that particular are erroneous, and there should be a reversal and new trial in favor of all parties on that ground.

In the next place, the finding of fraud seems so interwoven with this theory of irregularity and illegality, that I am satisfied that a new trial should be ordered on that ground.

In the next place, when we consider the evidence of fraud itself, it seems limited to the son. There was evidence that he declared to one witness that he intended to "beat Gus," evidently referring to plaintiff; but the father was not present, and for aught that appears knew nothing about that statement. Nor can I see any evidence which, in my judgment, justifies the finding of fraud against the father. Here was a perfectly valid claim by the father against the son which was paid to the extent of $728.35 by this bill of sale, a transaction which both of them had a right to make. So, too, the judgment and subsequent proceedings were based upon indebtedness actually found. If these proceedings had not been thus supported by truth, equity and justice, there might be ground for imputation of fraud against the father, as well as the son. But the fact is the other way, and the utmost that can be said is, that the son intended to prefer the father, and the father wanted to be preferred, and they were co-operating to that end. Of course, I do not mean to say that there may not be fraud in such a case. But I simply hold that there must be some other evidence of it — something more than here appears to connect the father with a fraudulent intent on the part of the son, if even that exist. True enough, their relations require us, carefully, to scrutinize their dealings, and, perhaps, to treat them with suspicion; but suspicion is not proof of fraud. It must be proved not by surmise, but by evidence which rises above the realm of mere suspicion, and to the dignity of proof. Otherwise, it would be next to impossible to sustain transactions between near relations upon any other theory. The mere relationship would justify an inference of fraud, and that is going much too far.

It is in this view that I am unable to approve the disposition of some of the requests for findings. The refusal to find that the action was commenced July 20, 1891, in face of this proof was certainly a technical error, and, in view of the other findings, seems to have affected the decision. So, too, the finding in the decision that this bill of sale " was without adequate consideration," seems to me entirely at variance with the finding on the joint request of the son and the receiver " that the sum mentioned as a consideration in said bill of sale was a fair price for the goods."

Finally, I am afraid that the weight of authority is against the maintenance of this action in any view. The plaintiff is a mere attaching creditor and had recovered no judgment in his attachment suit when this action was commenced. We, may, therefore, wisely consider the question whether or not he will gain any advantage by a retrial of the action. (See *Galle* v. *Tode*, 38 N. Y. St. Rep., 862.)

In any view I think the present decision proceeds on erroneous theories, and, therefore, conclude that there should be a new trial, with costs of this appeal in favor of the receiver absolutely, and costs of this appeal in favor of the father to abide the event of the action.

DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.