LASSITER v. HOES et al.

(Superior Court of New York City, General Term. January 7, 1895.)

FRAUDULENT CONVEYANCES—HUSBAND AND WIFE.

A transfer by an insolvent husband to his wife, in consideration of an honest debt to her, is valid as to other creditors.

Appeal from equity term.

Action by Richard T. Lassiter against William F. Hoes and Edith Hyde Hoes. There was a judgment in favor of defendants, and plaintiff appeals. Affirmed.

Argued before McADAM and GILDERSLEEVE, JJ.

W. R. Wilder, for appellant.
C. D. Van Name, for respondents.

McADAM, J. The action was in equity to set aside transfers of certain stock made by the defendant William F. Hoes, a judgment debtor of the plaintiff, to Edith Hyde Hoes, his wife. It appeared upon the trial that, at the time of the transfers, the judgment debtor was insolvent; that he was indebted to his wife in an amount exceeding the value of the stock transferred; and the trial judge found, on evidence which justified the finding, that the judgment debtor in good faith made the transfers to his wife, as payments on account of his indebtedness to her. In view of this finding, the sole question of law presented is whether a transfer by an insolvent husband to his wife, in consideration of an honest debt due her, is valid as to other creditors. Such a transfer was sustained in Doty v. Clint, 11 N. Y. St. Rep. 87; affirmed, 121 N. Y. 654, 24 N. E. 1092. A debtor, pending an action to recover the debt, may convey property in payment of another indebtedness which he deems entitled to a preference. Goetting v. Biehler, 21 Wkly. Dig. 100; Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, affirming 39 Hun, 98; Stanley

v. Bank, 115 N. Y. 122, 22 N. E. 29; Talcott v. Harder, 119 N. Y. 536, 23 N. E. 1056. A transfer by an insolvent to a single creditor of all the property, to be applied to the payment of a bona fide debt, is valid. Tompkins v. Hunter (Sup.) 28 N. Y. Supp. 1132; Manning v. Beck, 129 N. Y. 1, 29 N. E. 90. A bill of sale given at a fair price for a just debt by a son to his father was held valid against an attaching creditor. Lindsley v. Van Cortlandt, 67 Hun, 145, 22 N. Y. Supp. 222. Transfers to relatives are not against the policy of the law. The supreme court of the United States, in Gottlieb v. Thatchor, 14 Sup. Ct., at page 322, said:

"The relationship of the parties does not, of and in itself, cast suspicion on the transaction, or create such a prima facie presumption against its validity as would require the court to hold it to be invalid without proof that there was fraud on the part of the grantor, participated in by the grantee. This proposition is so well settled that authorities need not be cited in its support."

The plaintiff's attorney criticises the finding of the transfers in good faith as not being sufficiently supported by evidence. But the intention with which the acts were done was one of fact for the trial judge, sitting as a jury, to determine (Ram, Facts, Townshend's Notes, 275); and, where an act is susceptible of an honest or dishonest interpretation, the rule is to prefer the former, and the drawing of inferences from facts is always the province of the trial court.

The judgment appealed from must therefore be affirmed, with costs.