BURKE v. KALTENBACH.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

1. EVIDENCE—PRESUMPTION—OFFICIAL ACTS—JUDGMENT—ENTRY.

Code Civ. Proc. § 1236, provides that every judgment shall be signed by the clerk and filed in his office, and that the clerk shall, in addition to the docket books, keep a book styled the judgment book, in which he shall record all judgments entered in his office. Section 1246 requires the clerk, when he files the judgment roll on a judgment rendered in the court of which he is clerk, to docket the judgment by entering in the docket book the particulars prescribed. *Held*, that, a judgment appearing in the judgment book, it will be presumed that a judgment roll was actually filed in the clerk's office, and that it contained the judgment appearing in the judgment book.

2. COURTS—JURISDICTION—PRESUMPTION—COURT OF GENERAL JURISDICTION.

A judgment of a court of general jurisdiction, independent of any recitals in the record, manifests the evidence of its jurisdiction both as to the subject-matter and person, and will be held conclusive until disproved clearly and explicitly.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 140.]

Submission of controversy between Mae V. Burke and Ernest J. Kaltenbach on agreed statement of facts under Code Civ. Proc. § 1279. Judgment for Mae V. Burke.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William Langdon, for plaintiff.
Herman W. Schmitz, for defendant.

HOOKER, J. The plaintiff agreed to sell, and the defendant to buy, certain real estate; the premises were to be conveyed by a full covenant warranty deed conveying to the defendant the absolute fee of the said premises, free from all incumbrances. At the date of the making of the said agreement, and ever since then, the plaintiff has been and still is the sole owner in fee simple by good and sufficient title of the said premises, subject only to the alleged defect of the title hereinafter mentioned, which the defendant urges is sufficient to excuse him from the completion of his contract. In the years 1887

and 1888 the Comptroller of the state of New York assumed to sell for the nonpayment of the taxes for the years 1868, 1869, 1870, 1877, 1878, and 1879 the premises mentioned in the agreement, together with others, and pursuant to such sales executed a deed in favor of the people of the state of New York, dated in 1881 and recorded, purporting to convey said premises. Thereafter the people of the state, by letters patent dated in 1891 and recorded, assumed to convey the said premises to one Henry Patton. One Sanders being or claiming to be the sole owner in fee of the said premises in 1892 then instituted an action in the Supreme Court of this state against the said Henry Patton for the purpose, among other things, of having it adjudged that the tax, Comptroller's deed, and letters patent were void, of having the same canceled, and of removing the cloud resting upon the title by reason thereof. Such proceedings were had in said action that on or about the 20th day of March, 1893, the Supreme Court rendered a judgment which was duly filed and entered in the office of the clerk of the proper county on or about the 26th day of April, 1893. The original judgment roll in said action is lost and cannot be found. However, there is on record in the clerk's office a notice of pendency of action filed on the day the action was commenced, naming as parties to the action the same parties above mentioned—that is, Sanders as plaintiff and Henry Patton as defendant—describing as the premises affected by the action the same premises mentioned in the letters patent, included within which are the premises the subject of this action. The notice of pendency of action indicates that the object of this action was to have the Comptroller's deed and letters patent adjudged void, and canceled. The clerk's minutes in the clerk's office contain the following entries under the head of the said action: August 23, 1892, summons and complaint filed; February 10, 1893, answer and affidavit of service filed; April 26, 1893, judgment filed. The judgment in the said action is recorded at length in the clerk's office in the so-called judgment book. The plaintiff claims that upon the foregoing facts the cloud on the title arising from the tax comptroller's deed and letters patent, above set forth, was wholly removed, and that the title tendered by her to the defendant is good and marketable, and that the defendant should be held to accept and pay for the same pursuant to his agreement. The defendant, on the other hand, claims that such cloud on the title has not been removed; that the title is not marketable, and he should not be compelled to complete his purchase.

Section 1236 of the Code of Civil Procedure provides that every judgment shall be signed by the clerk and filed in his office. "The clerk shall, in addition to the docket books required to be kept by law, keep a book, styled the 'judgment book,' in which he shall record all judgments entered in his office." Section 1246 of the Code of Civil Procedure provides that the clerk must, when he files the judgment roll upon a judgment rendered in a court of which he is clerk, docket the judgment by entering in the proper docket book certain particulars in a certain manner. A copy of the judgment in the case of Sanders v. Patton, as the same appears in the judgment book, is in the

record before us. It could have found its way into the judgment book only through the act of the clerk in copying it there, presumably upon the filing in his office of the judgment roll in that action. The presumption of law is that no official person acting under oath of office will do aught which is against his official duty or will omit to do aught which his official duty requires should be done. Lazier v. Westcott, 26 N. Y. 146, 82 Am. Dec. 404; Bank of the U. S. v. Dandridge, 12 Wheat. (U. S.) 64, 6 L. Ed. 552; Mandeville v. Reynolds, 68 N. Y. 528. It is therefore to be presumed that a judgment roll in Sanders v. Patton was actually filed in the clerk's office, and that that judgment roll contained the judgment, a copy of which is in the record presented to us.

Inasmuch as the judgment roll is not available for inspection, the question turns upon the proposition whether or not the court acquired jurisdiction of the person and of the subject-matter, in the action of Sanders v. Patton, so that the judgment which was entered, a copy of which we have, became binding upon the parties to the action. The judgment was, however, one of the Supreme Court, and it seems to be well settled that, independent of any recitals in the record, a judgment of a superior court of general jurisdiction manifests the evidence of its jurisdiction of a particular case both as to the subject-matter and person, and will be held conclusive until disproved clearly and explicitly. Bosworth v. Vandewalker, 53 N. Y. 597.

Further than that, it is held that the recital in a judgment of a superior court of general jurisdiction that the summons was personally served on the defendant shows that the court acquired jurisdiction in spite of a defect in the proof of service attached to the judgment roll. Maples v. Mackey, 89 N. Y. 146; see Potter v. Merchants' Bank, 28 N. Y. 641, 86 Am. Dec. 273. Recitals in the judgment in Sanders v. Patton are that the action came regularly on to be tried, and having been reached in its regular order on the calendar at a Special Term of the Supreme Court, and the parties having appeared by their respective counsel, naming them, said action having been tried by said court, and the said court having made and filed a decision in writing, etc. The judgment declared void and set aside the taxes, the deed of conveyance made by the Comptroller and the letters patent, so far as the premises described in the submission were concerned.

The conclusion is that the court acquired jurisdiction in Sanders v. Patton of the parties and the subject-matter, and judgment therein was valid and binding upon the rights of the parties thereto; the judgment set aside the tax deed and letters, and hence the premises offered by the plaintiff for sale are not now subject to any cloud by reason of the alleged claim.

The authority most nearly in point in this jurisdiction seems to be Mandeville v. Reynolds, supra. This was an action to recover upon a judgment by confession. The judgment roll had been lost, and it was held to be sufficient to introduce in evidence the judgment book containing a copy of the judgment, or at least the substance of it, with the docket entry. Under the circumstances of that case it was held by the Court of Appeals that the conclusion was warranted, that

there had been once filed in the county clerk's office a roll or statement which authorized the entry of the order in the judgment book and of the entry upon the docket of judgments of a judgment confessed by the defendant on the day and to the amount stated in the docket and order.

Our conclusion is, therefore, that the plaintiff had a marketable title, and judgment should enter in her favor with costs.

Judgment for plaintiff on submission of costs. All concur.