MARY F. KELLY, Plaintiff, v. FREDERICK J. SCHRAMM, Defendant.

Second Department, June 24, 1921.

Mortgages — foreclosure — personal service without State on non-resident defendant — certificate of Secretary of State as to notary's power to act not attached to affidavit of service — new affidavit with certificate filed nunc pro tunc after sale — judgment of foreclosure valid — purchaser has good title.

A purchaser under a foreclosure sale acquires good title to the land, though the affidavit of the service of the summons on the defendant, who was a non-resident of the State at the time, did not have attached thereto the certificate of the Secretary of State as to the notary's power to act, where it appears that after the sale the person making the service executed another affidavit to which a proper certificate was attached and an order was made permitting the filing of the last affidavit together with the certificate referred to, *nunc pro tunc*, as of the date of the filing of the original affidavit of service, and that said non-resident defendant has never claimed that she was not personally served, or that the service was in any way defective or irregular.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Mortimer M. Menken,* for the plaintiff.

*Henry Koch,* for the defendant.

MANNING, J.:

The question which the parties to this controversy seek a determination of, is the validity of a judgment of foreclosure and sale, rendered in an action in the Supreme Court, Queens county, as to a defendant served without the State of New York.

The plaintiff has derived title to the real property affected by the judgment in foreclosure, and has contracted to sell such property to the defendant.

The defendant has rejected the title upon the ground that an affidavit of service of the summons and complaint made upon one Emma M. Partello, by Ralph E. Flesher, a deputy sheriff of McLean county, Ill., on March 24, 1916, is defective, for the reason that no authentication certificate was thereto attached, as required by section 844 of the Code of Civil Procedure.

It concededly appears that service of the summons and complaint upon Emma M. Partello was made personally by the deputy sheriff on the 24th day of March, 1916; that he verified his affidavit of service on the 24th day of March, 1916, but failed to have attached thereto the certificate of the Secretary of State of the State of Illinois as to the notary's power to act. (See Real Prop. Law, § 299; Id. § 311, as amd. by Laws of 1913, chap. 209.) Afterwards, however, on the 22d day of November, 1920, he reswore to another affidavit of service, and to this a proper certificate from the Secretary of State was attached; and thereafter, on December 2, 1920, an order was made at Special Term, allowing the filing of the last affidavit together with the certificate referred to, *nunc pro tunc* as of March 31, 1916, the date of the filing of the original affidavit of service.

The defendant claims that the affidavit of service filed in the foreclosure suit hereinbefore mentioned is no affidavit at all, for the reason that it was not in such form as to constitute it *proof.* He says that the word " proof " is synonymous with the word " evidence," and cannot be held to be statements not admissible as evidence. He also argues that the word " affidavit " as used in section 443 of the Code of Civil Procedure means an affidavit which amounts to evidence which is *proof.*

He argues that *substituted service* may only be made as provided by statute, and service cannot be deemed complete *until* all the things required be done. He states that the statute (Code Civ. Proc. § 443, subds. 4, 5) requires among other things necessary to complete the service, the filing of *proof* of such service; that no such proof was filed until long

after the sale in foreclosure and the delivery of the referee's deed. Such an omission, he claims, is a jurisdictional defect, and that the court cannot acquire jurisdiction *nunc pro tunc.*

I am inclined to the belief that the defendant's position here is extremely technical. Sections 721, 722 and 723 of the Code *expressly* provide for such a situation, 722 especially, which reads as follows: " Each of the omissions, imperfections, defects, and variances, specified in the last section, *and any other of like nature, not being against the right and justice of the matter*, and not altering the issue between the parties, or the trial, *must*, when necessary, be supplied, and the proceeding amended, by the court wherein the judgment is rendered, or by an appellate court." Section 721 of the Code provides that no judgment of a court of record shall be impaired or affected " 3. For an imperfect or insufficient return of a sheriff or other officer; or because an officer has not subscribed a return, actually made by him."

The decisions of our courts have uniformly been such as to emphasize these principles wherever the question has arisen, either before or since the Code provisions. As was said by PARKER, Ch. J., in *Stuyvesant* v. *Weil* (167 N. Y. 421, 426), in a case where substantial amendment in changing the name of an owner of property after the judgment was allowed: " We have not alluded to the decisions of the several Special and General Terms which the Appellate Division felt called upon to follow. Their foundations were laid long before sections 721 and 723 of the Code came into existence as marking features of a distinct legislative policy to stop the sacrifice of things of real substance upon the altar of mere technicality, and hence a discussion of them can serve no useful purpose."

The plaintiff claims that the court had jurisdiction to render judgment of foreclosure and sale.

Section 438 of the Code as it existed at the time of the service of the process in this case reads as follows:

" § 438. *Cases in which service of summons by publication, et cetera, may be ordered.* An order directing the service of a summons upon a defendant, by publication, may be made in either of the following cases:  *  *  *

" 5. Where the complaint demands judgment, that the

defendant be excluded from a vested. or contingent interest in or lien upon, specific real or personal property within the State; or that such an interest or lien in favor of either party be enforced, regulated, defined, or limited; or otherwise affecting the title to such property." (See Laws of 1914, chap. 346.)

Section 443 of the Code then provided:

" § 443. *Service without the State.*   *   *   *

" 3. In the cases specified in subdivision five of section four hundred and thirty-eight the summons may be served without an order, upon a defendant without the State in the same manner as if such service were made within the State, except that a copy of the complaint shall be annexed to and served with the summons.

" 4. Service without the State is complete ten days after proof thereof is filed.

" 5. When the summons is served personally without the State the affidavit of service must show that the person making it is a resident of the State of New York, or a sheriff, under sheriff, deputy sheriff or constable of the county or other political subdivision in which the service is made, or an officer authorized by the laws of this State to take acknowledgments of deeds to be recorded in this State.

" 6. A judgment shall be conclusive upon a defendant on whom the summons is personally served without the State, with respect to the property which is the subject of the action, or which is attached therein, to the same extent as if the service upon him were made within the State." (See Laws of 1914, chap. 346.)

The plaintiff claims that all of the provisions of this statute were complied with. He says that the action is one of those specified in subdivision 5 of section 438, and as to the defendant Emma M. Partello demanded judgment excluding her from her interest in the mortgaged property, the subject-matter of the action. *Secondly,* that a copy of the complaint was annexed to the summons, and the summons and complaint were *personally* served on said Emma M. Partello at Normal, McLean County, Ill., by a deputy sheriff of said county; that his affidavit of service was filed, and that the service upon her became complete ten days after such filing, which

was March 31, 1916; and that after the additional twenty days had expired the usual proceeding for the entry of judgment of foreclosure and sale took place.

The record shows that the defendant Emma M. Partello at the time of the service of the summons and complaint was in possession of the premises affected. Upon delivery of the deed to the plaintiff, she entered into possession of the premises, and for a period of nearly five years, last past, she has been in quiet, peaceful and undisturbed possession thereof. No objection has ever been raised by Emma M. Partello, and no attempt has been made by her to regain possession of the premises, and she has apparently acquiesced in the judgment and relinquished possession of the property in favor of the plaintiff. No claim has been made by Emma M. Partello or on her behalf that she was not personally served, or that the service was in any way defective or irregular. She has never appeared or served any pleading in the action or attempted to do so. And the plaintiff, summarizing the situation, claims that the objection of the defendant to the title is without merit. The claim of the plaintiff is that the one essential fact upon which the jurisdiction of the court to render judgment depended, *was the personal service* of the summons and complaint upon the defendant Emma M. Partello, whereby she had *actual* notice of the commencement of the action, of the claim that was made against her, and of the judgment demanded.

I think the claim of the plaintiff is justified by the facts and also by the force of previous decisions. (See *Maples* v. *Mackey*, 89 N. Y. 146; *White* v. *Bogart*, 73 id. 256; *Stuyvesant* v. *Weil*, 167 id. 421; *Lindsley* v. *Van Cortlandt*, 67 Hun, 145; *Mishkind-Feinberg Realty Co.* v. *Sidorsky*, 189 N. Y. 402.)

Judgment is, therefore, rendered for the plaintiff as requested and prayed for in the submission, with costs.

BLACKMAR, P. J., MILLS, RICH and KELLY, JJ., concur.

Judgment for plaintiff on agreed statement of facts, with costs.