AIR CONDITIONING TRAINING CORP., Appellant, *v.* BRUNO PIRROTE. Respondent.

First Department, February 21, 1946.

*Reuben S. Levins* for appellant.

*Raymond Tese* of counsel (*Vincent Tese* with him on the brief; *Tese & Tese*, attorneys), for respondent.

GLENNON, J. The appeal is from an order of the Appellate Term affirming, by a divided court, an order of the Municipal Court dismissing the action on the ground that the court had not acquired jurisdiction of the defendant.

The summons in the action was permitted to be served by substituted service. The defendant did not appear or answer and, as a consequence, an inquest was taken before a Justice of the Municipal Court, who directed the entry of judgment in favor of plaintiff. A garnishee order predicated upon the judgment was thereafter served on defendant's employer.

Upon defendant's application the order and judgment were set aside and the action dismissed on the ground that jurisdiction over the defendant had not been obtained, since the affidavit of service was fatally defective in that it failed to show full compliance with the order of substituted service.

Substituted service in Municipal Court actions is governed by section 23 of the New York City Municipal Court Code (L. 1915, ch. 279) and section 231 of the Civil Practice Act. The latter section outlines the manner in which such service may be effected. The order authorizing substituted service in this action closely follows the language of section 231 of the Civil Practice Act and reads in part as follows: " ORDERED that the summons and complaint herein be served on the defendant by leaving a copy thereof and of this order at the place of residence of the defendant at 1658 74 Street in the Borough of Brooklyn, City of New York, County of Kings and State of New York, with a person of proper age, if upon reasonable application admittance can be obtained and such person found, who will receive it, or if admittance cannot be so obtained or such person found, by affixing the same to the outer or other door of said place of residence and by depositing another copy thereof properly enclosed in a post-paid wrapper, addressed to the defendant at his place of residence in a post office regularly maintained by the U. S. Government."

Proof of service, which was filed within the time prescribed by section 23 of the Municipal Court Code, consisted of an affidavit of the process server stating: " That on the 27th day of September, 1939, he served the within order, summons and affidavit on Bruno Pirrotta by substituted service; pursuant to the within order by leaving a copy of the summons together with the affidavit and order upon which it is based at 1658 74 Street, Borough of Brooklyn, City of New York, the last known residence; by attaching it to the door of his apartment and by depositing another copy thereof properly enclosed in a post paid wrapper addressed to the defendant Bruno Pirrotta, in a post office box regularly maintained by the U. S. Government at 320 Fifth Avenue, Borough of Manhattan, City and State of New York."

The defendant has thus far successfully urged that the omission from the affidavit of service of facts showing an attempt to gain admittance for the purpose of finding a person of proper age who would accept service of process, is a jurisdictional defect which cannot be cured.

It is well settled that a statute permitting service of process other than by personal service must be strictly complied with in order to confer jurisdiction upon the court. (*Erickson* v. *Macy,* 231 N. Y. 86.) There is, however, a difference between service and proof of service. One is a fact of which the other is the evidence.

It is the fact of proper service which confers jurisdiction. Once such service has been made, an insufficient proof thereof will not take away the jurisdiction which has in fact been obtained. The deficiency in the proof may be supplied. (*Steinhardt* v. *Baker,* 20 Misc. 470, affd. 25 App. Div. 197, affd. 163 N. Y. 410.) Such defects go to form and not jurisdiction and they may be amended so as to have the record conform to the true facts. (*Valz* v. *Sheepshead Bay Bungalow Corp.,* 221 App. Div. 280, affd. 249 N. Y. 122; *Fawcett* v. *Vary,* 59 N. Y. 597; *Kelly* v. *Schramm,* 197 App. Div. 377; *Dexter & Carpenter, Inc.,* v. *Lake & Export C. Corp.,* 196 App. Div. 766.)

Where substituted service is resorted to, the affidavit of service should show full compliance with the provisions of the statute by specifically reciting the steps taken in effecting service. The proof of service filed in this action is defective in that respect. The defect, however, did not warrant the granting of the defendant's motion on the ground indicated, especially where, as here, it appears that the deficiency in the proof was supplied by an affidavit of the process server submitted in opposition to the motion.

For the reasons assigned, the determination of the Appellate Term and the order of the Municipal Court should be reversed, with $20 costs and disbursements in this court and $10 costs in the Appellate Term, and the motion denied.

MARTIN, P. J., DORE, CALLAHAN and PECK, JJ., concur.

Determination of the Appellate Term and order of the Municipal Court unanimously reversed, with $20 costs and disbursements in this court and $10 costs in the Appellate Term to the appellant, and the motion denied.