Benjamin Brenner, J.
In an action for annulment defendant husband appears specially pursuant to section 237-a of the Civil Practice Act and moves to set aside the service of process made on him pursuant to section 235, or, in the alternative, to strike from the complaint such parts as relate to alimony and counsel fees.
The motion to set aside the service is based on alleged defects in the proof of service and on the ground that neither the plaintiff nor the defendant is a resident of New York and that an action for annulment, therefore, is not maintainable under section 1165-a of the Civil Practice Act.
The proof of service is defective in that it does not contain a certificate of the proper official showing that the person before whom the affidavit was sworn to in West Virginia was qualified to act at the time of administering the oath pursuant to subdivision 6 of rule 53 of the Rules of Civil Practice. Such a defect, however, may be cured by appropriate motion (Kelly v. Schramm, 197 App. Div. 377; Air Conditioning Training Corp. v. Pirrote, 270 App. Div. 391; Raynor v. Raynor, 279 App. Div, 671). It is further defective in that said affidavit indicates the name of the defendant to be Joseph Gordon whereas his true name is Daniel B. Gordon. This defect may also be cured pursuant to section 105 of the Civil Practice Act (Stuyvesant v. Weil, 167 N. Y. 421; Gerdes v. Reynolds, 28 N. Y. S. 2d 622).
The plaintiff should move to cure these defects before any determination is made on the more important objections based on residence. The motion is denied with leave to renew after application has been made to cure the technical defects indicated above. In the event that the plaintiff does not so move within 30 days, the motion is granted unconditionally.
Settle order on notice.