## Berlin *vs.* Hall, impleaded, &c.

To a proceeding under section 375 of the Code, for the purpose of having a defendant adjudged to be bound by a prior judgment entered in the action, after service of process upon his former partner and co-defendant, only, who allowed judgment to be entered for want of an answer, the statute of limitations cannot be set up as a defense, although it had run against the demand before the service of process upon the partner.

THIS is an action upon a note which became outlawed June 15th, 1863. The defendant Blashfield was served with process December 29th, 1863. He suffered default, and on the footing of the judgment entered against him, the defendant Hall was served with a summons to show cause why he should not be bound by the judgment, under the provisions of the Code relating to proceedings against joint debtors. (*See* §§ 375–381.) There was no pretense on the part of the plaintiff, that at the time of serving Blashfield, there was any difficulty in finding Hall, or that he was not in the state, and just as accessible and as easy to serve as Blashfield. The defense relied upon by Hall was, that the cause of action accrued more than six years before the original commencement of the suit, by service upon Blashfield. To overthrow this defense, the plaintiff relied upon section 379 of the Code as amended in April, 1849, by the addition of the last five words. As thus amended, the section reads as follows :

" Upon such summons, the party summoned may answer within the time specified therein, denying the judgment, or setting up any defense which may have arisen subsequently, and in addition thereto, if he be proceeded against according to section 375, he may make the same defense which he might have originally made to the action, *except the statute of limitations.*"

The cause coming on to be tried, and a trial by jury having been duly waived by the parties in open court, and a trial thereof by the court having been had, the judge found as facts in the case :

Berlin *v.* Hall.

*First.* That on the 12th day of December, 1856, the defendants and one Chauncey Clark, deceased, being copartners under the style of Blashfield, Clark & Co., made their promissory note, bearing date on that day, whereby six months after the said date, they promised to pay to the order of one W. B. Lloyd the sum of twelve hundred and sixty-four dollars and ninety cents, and that said note was, before its maturity, indorsed by said Lloyd, and by him transferred to the plaintiff; that the plaintiff was the lawful owner and holder of said note, and that it has not been paid.

*Second.* That on the 29th day of December, 1863, this action was commenced by the service of a summons upon William H. Blashfield, one of the defendants, and that judgment was entered herein against said Blashfield, by default, in favor of the plaintiff, on the 5th day of February, 1864, for the sum of one thousand eight hundred and five dollars and seventy-six cents. That said judgment was entered in form against all the defendants as joint debtors.

*Third.* That on the 28th day of April, 1864, the plaintiff caused to be personally served on Erie L. Hall, one of the defendants herein, a summons, pursuant to chapter 2, title 12, part 2, of the Code, requiring said defendant to show cause, within twenty days after the service thereof, why he should not be bound by the judgment in this action, and above described.

*Fourth.* That said defendant Hall thereupon appeared in the action, by attorney, and put in an answer to the complaint therein.

The judge found, as conclusions of law in the case:

*First.* That at the time of the original commencement of this action by the service of the summons therein on the defendant Blashfield, the action was barred by the statute of limitations.

*Second.* That by section 379 of the Code of Procedure, the defendant having been summoned as aforesaid, cannot plead the statute of limitations in bar of the action.

*Third.* That the plaintiff is entitled to judgment against the defendant Hall for the sum of one thousand eight hundred and five dollars and seventy-six cents, with interest from the 5th day of February, 1864 ; and that the said Hall be bound by the judgment so in form entered against the said defendants Blashfield and Hall, as survivors, upon the service of the summons on the said Blashfield as aforesaid.

From the judgment so entered, the defendant Hall appealed.

*Elial F. Hall,* for the appellant.

*F. C. Cantine,* for the respondent.

*By the Court,* LEONARD, P. J. This is a proceeding under section 375 of the Code, for the purpose of having the defendant Hall adjudged to be bound by a prior judgment entered in the action, after service of process upon his former partner only, who allowed judgment to be entered for want of an answer. Apparently, the statute of limitations had run against the demand before the service of process upon the partner.

The defendant Hall insists upon the statute as a bar to this proceeding.

Section 379 of the Code, by its literal reading, precludes the defense of the statute of limitations where it had arisen before the commencement of the original action, but allows it when it arises subsequently. It is suggested that a little transposition of the last five words of the section would very naturally and properly change the reading, so as to preclude the defense where it arises subsequently, and allow it when it had arisen before the original action was commenced. Place those words next after the word *" subsequently,"* in the middle of the section, and the result suggested will be produced. The difficulty is that those words were placed just where they occur, by an amendment of the Code, in 1849, when no other change was made in the section. It has so forcibly the appearance of design, that I am fully satisfied it would

be in defiance of the legislative intention, to construe the section as if the words were differently placed.   At the time of the amendment it had long been held that a payment, or a promise, by one member of a firm, revived the debt, and barred the statute, although the firm had been long dissolved, at the time of the payment or promise.   The doctrine is distinctly recognized as existing, and is overruled in *Van Keuren* v. *Parmlee,* (2 *N. Y. Rep.* 523,) which was decided after the amendment of 1849 was adopted.   The amendment gives the same effect to a judgment ; which is in effect a confession of the debt by record evidence.

Had the whole section been brought into existence at the time it was amended, I might have leaned to the suggestion that the legislature did not express their intention.   But an amendment placing five words at the end of a section will not admit of their being placed in some other position by the rules of construction ; unless they lead to a greater absurdity than is here presented.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, April 1, 1867.   *Leonard, J. C. Smith* and *Ingraham,* Justices.]