Van Brunt, J.
This proceeding is instituted under *114 section 375 of the Code, the defendant being summoned to show cause why he should not be bound by a judgment entered February 13, 1866, against his joint debtor, one Hillyer. The defendant answers that the statute of limitations has run against the original cause of action, and to this answer the plaintiff demurs.
Section 279 of the Code says that “ upon such summons, any party summoned may answer within the time specified therein, denying the judgment or setting up any defense thereto, which may haw arisen subsequently to said judgment.” It will be seen that the defendant may deny the judgment or set up any defenses thereto,—that is, to the judgment,—which may have arisen subsequent to such judgment. Such defenses would be payment, release, discharge in bankruptcy, and the like; they all being defenses to the judgment.
Now what more can the party do? The section says, “ he may malee any defense which he might haw made to the action, if the summons had been serwd on him at the time the same was originally commenced and such defense had then been interposed to such action.” That is, he has the same rights, which he would have if served with the summons, and can now set up as a defense to the cause of action any defense which he could have set up if served with the summons, and no other. Any other construction would be at variance with the section of the Code in reference to the times for commencing actions. Section 91 prescribes that all actions on contract must be commenced within six years, and section 99 provides, that an action is commenced as to each defendant when the summons is served on him, or on a co-defendant who is a joint contractor, &c. Thus it would appear that if no judgment had been entered, and Yan Derzee had not been served with a summons until now, he could not set up the statute of limitations, because the action had been commenced within the six years by service of his co- *115 defendant, Hillyer, with, a summons; and could it have been the intention of the legislature to put a plaintiff in a worse position, because he has entered his judgment, than if he had not done so %
It seems to me that it was the evident intention to put the parties in precisely the same position that they would have occupied, had the action been commenced as to one, and no judgment entered until the other had been served with process.
I am aware that Judge Leonard, in the decision of the case of Berlin v. Hall, 48 Barb., 442, has made use of language which gives a different construction to this section ; but this question was not before the court, and possibly the learned judge, in giving his opinion, may have overlooked the considerations which seem to demand a different construction.
The demurrer must be sustained.
Defendant to be allowed to amend his answer upon payment of costs in twenty days.