FRANCIS J. TUOMY, Respondent, v. JACOB DUNN, Appellant.

On March 24, 1876, plaintiff obtained a verdict against defendant.  Judg-
ment was suspended until exceptions could be heard at General Term.
They were argued in November, 1876, and in May, 1877, the exceptions
were overruled and judgment ordered on verdict.   The defendant died
after argument and before decision   Plaintiff, following the practice
prescribed by the Code of Civil Procedure (§§ 763, 1210), entered up
judgment in the names of the original parties.   In March, 1879, the
General Term, on application of plaintiff, granted an order vacating the
judgment, and directing that it be "re-entered *nunc pro tunc* as of the
day when the said verdict was rendered."   *Held*, error; that the case
was within the said provisions of the Code, and that the General Term
had no power to make the order.

Such an order cannot be sustained under the common law practice.

*Ryghtmyre* v. *Durham* (12 Wend., 245), and *Crawford* v. *Wilson* (4 Barb.,
504), distinguished.

(Submitted May 27, 1879; decided June 17, 1879.)

THE nature of the appeal and the facts appear sufficiently in the opinion.

*John S. Lawrence*, for appellant. The order appealed from affected a substantial right, and is appealable. (Code Civil Procedure, § 190, sub. 2; *Fredericks* v. *Taylor*, 52 N. Y., 596.) The objection that the action had not been revived was fatal to plaintiff's right to the order appealed from. (*Reid* v. *Butler*, 11 Abb., 128; Code Civil Procedure, § 1210.)

*William H. Newman*, for respondent. Defendant had a right to enter the judgment *nunc pro tunc* as of a day prior to defendant's death. (4 Barb., 504; *Rightmeyer* v. *Durham*, 12 Wend., 245, 543; 4 Cow., 423; 15 Abb., 227; 11 id., 128; Willard on Exrs., 281; *Miller* v. *Gunn*, 7 How. Pr., 159.)

DANFORTH, J. On the 24th day of March, 1876, the plaintiff obtained a verdict against the defendant at a trial term of the Superior Court of the city of New York, but judgment was suspended until exceptions, taken by the defendant, could be heard at General Term. They were argued in November, 1876. Afterwards the defendant died, and thereafter, in May, 1877, the exceptions were overruled and judgment ordered on the verdict. The plaintiff thereupon, following the practice prescribed by sections 1210 and 763 of the Code, entered up judgment in the names of the original parties. On the first Monday of March, 1879, the General Term, on the application of the plaintiff, vacated this judgment and directed that it be " re-entered *nunc pro tunc* as of the day when the said verdict was rendered."

As the judgment was originally entered " it did not become a lien upon the real property or chattels real of the decedent, but ' it established ' " a debt to be paid in the course of administration (§ 1210). The effect of the order of March, 1879, is to give the judgment an operation and effect denied to it by the provision of the Code above cited,

and it was one, therefore, which the court had no power to make.

The learned counsel for the respondent, however, insists that the order may be sustained under the common law practice. But we think otherwise. A judgment was sometimes entered as of a time before the defendant's death. But that was to make the judgment good and not voidable for error, as it otherwise would have been if entered up after death of the party. Even then, however, it was good against purchasers only from the day it was actually signed. (*Duke of Norfolk's Case*, Salkeld's Rep., vol. 1, p. 401.) And except under the statute (17 Car., 2 C., 8), the court gave such relief only when the delay in entering judgment was occasioned by the court, and then to prevent a failure of justice by reason of the parties death. In *Copley* v. *Day* (4 Taunton, 701), the court was inclined to grant such an application if it could be done, but "inasmuch as by the common law the death of either party between verdict and judgment was matter of error, and as by the statute it only ceased to be error in the special case of judgment being entered up within two terms after the verdict," doubted " whether the court had any power to grant an indulgence which neither the common law nor the statute had given." The case was suspended to enable counsel to search for precedents, but none being found the application was denied. This case was approved and followed in *Lawrence* v. *Hodgson* (1 Young & Jervis, 368), and the court referring to the principle upon which a distinction had been attempted, said " where a cause stands over for argument from time to time on account of the multiplicity of business in the court, or for judgment from the intricacy of the question, the party ought not to be prejudiced by that delay, but should be allowed to enter up his judgment retrospectively to meet the justice of the case." Upon this reason stand the cases — (*Ryghtmyre* v. *Durham*, 12 Wend., 245; *Crawford* v. *Wilson*, 4 Barb., 504) — cited in behalf of the respondent so far as they make in his favor.

In *Moore* v. *Westervelt* (14 How. Pr. R., 279), an order for judgment *nunc pro tunc* was denied, although after verdict for the plaintiff, subject to the opinion of the General Term, and judgment in the meantime stayed. The exceptions were argued before that court in April, but not decided until June, when judgment on the verdict was ordered, and in the meantime the fee bill had been so changed as to reduce the costs prior to verdict several hundred dollars. In *Roberts* v. *White* (39 S. C. R. [7 J. & S.], 272), the same court refused to allow a modified judgment to be entered as of the date of the original judgment, saying : "It may affect the rights of others not parties." In the case before us the matter may be said to have been *sub judice* from November, 1876, to May, 1877 ; but it was not prior to November or after May. The delay during these periods was occasioned by no act of the court ; and that from May, 1877, when judgment was rendered and actually entered by the plaintiff, until March, 1879, when the order appealed from was made, is to be attributed to the laches of the plaintiff. The case before us is within the provisions of the Code (§§ 1210 and 763.)

The order of the General and Special Terms should be reversed, with costs.

All concur.

Order reversed.