LAWSON A. LONG, as Administrator, etc., Respondent, *v.* RICHARD H. STAFFORD, Appellant.

A lease, under seal, of a store for the term of six months contained a provision giving to the lessees the privilege of continuing the lease for two years more at an increased rent, by giving written notice to the lessor at

Statement of case.

a *time specified.* The lessees did not give the notice, but continued to occupy the store for four months after the expiration of the original term, paying the increased rent, which the lessor received ; they then vacated the premises. In an action to recover rent subsequently accruing, *held,* that the provision as to notice could be and was waived by the acts of the parties, which showed an election on the part of the lessees to take the store for the new term ; that they were bound thereby, and continued liable to the end of that term.

Also *held,* that, as the lease was under seal, the six years' statute of limitation did not apply.

The summons was served upon one of the two lessees, and a verdict was rendered against him. The entry of judgment thereon was stayed, and exceptions were ordered to be heard at first instance at General Term. Before a hearing the defendant against whom it was rendered died. Upon motion made at Special Term, notice of which was given to said defendant's attorneys, the court made an order vacating the stay so far as to permit plaintiff to enter judgment *nunc pro tunc* as of the date of the verdict, which was done, and a memorandum of the party's death was entered therewith as prescribed by the Code of Civil Procedure. (§ 1210.) Subsequently this action was commenced under the Code (§ 1937) to charge the judgment upon the property of the defendant not originally served. *Held,* that the entry of the judgment was authorized by the Code (§ 763), and the fact that the entry was made *nunc pro tunc* was immaterial, as it harmed no one; also, that if the service of notice upon the attorneys was improper, it was at most an irregularity, not a fatal defect.

*It seems* the judgment would not have been void had it been entered without notice to any one.

*Tuomy* v. *Dunn* (77 N. Y. 515), distinguished.

It was claimed that by the death of one of the lessees their joint liability and the separate liability of the estate of the decedent was discharged. *Held* untenable, as the decedent was not a mere surety, but a principal debtor.

The provision of the Code of Civil Procedure (§ 1000), declaring that an order directing exceptions to be heard in the first instance at General Term may be revoked or modified by the judge who made it, is to be construed, not as a limitation upon the power of the court, but upon that of a judge out of court; and such an order may be modified by order of a Special Term held by any judge.

The provision of the Code reserving to a defendant, not originally served but sought to be charged with the judgment, the right to make " objections to the judgment " (§ 1939), refers simply to objections going to the validity and binding efficacy of the judgment, such as a party to the judgment might make.

(Submitted June 16, 1886; decided October 5, 1886.)

Appeal from judgment of the Superior Court of Buffalo in favor of plaintiff, entered upon an order made May 9, 1885, which overruled defendant's exceptions and directed judgment upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*Norris Morey* for appellant. The judgment in the action against defendant and Scheffer could only be enforced against the joint property of both defendants and the separate property of the defendant served. (Code of Civ. Pro., §§ 1932–1941.) This action prevents the statute of limitations running in favor of the defendant, not served during the pendency of the original suit. (*Maples* v. *Mackey*, 89 N. Y. 146.) By the death of Scheffer the joint liability at law of Scheffer and Stafford, and the separate liability of the estate of Scheffer, for the payment of the rent were discharged and terminated. (*Getty* v. *Binsse*, 49 N. Y. 385; *Richter* v. *Poppenhausen*, 42 id. 373; *Risley* v. *Brown*, 67 id. 160; *Bradley* v. *Burwell*, 3 Den. 61; *Randall* v. *Sackett*, 67 N. Y. 160.) There was no authority of law for the order made at Special Term, directing the entry of judgment of May 23, 1882, *nunc pro tunc* as of January 25, 1875. (Code of Civ. Pro., §§ 763, 1210; *Tuomy* v. *Dunn*, 77 N. Y. 515.) The authority of all agents and attorneys is dissolved by the death of the principal. Hence an order cannot be taken by default against a party after his death, by service upon the person who had been his attorney during his life-time. (*Warren* v. *Eddy*, 32 Barb. 664; *Adams* v. *Nellis*, 58 How. 387; *Bellinger* v. *Ford*, 21 Barb. 311; *Austin* v. *Munroe*, 4 Lans. 66; *Putnam* v. *Van Buren*, 7 Hun, 31; *Beach* v. *Gregory*, 2 Abb. Pr. 203; 1 Wait's Actions and Defenses, 444; Code of Pro., § 265; Code of Civ. Pro., § 1000.) A covenant or contract under seal cannot be modified by parol. (*Coe* v. *Hobby*, 72 N. Y. 141; *French* v. *Newell*, 28 id. 147; *Delacroix* v. *Bulkley*, 13 Wend. 71.) Upon the tenancy the landlord was only entitled to recover for the use and occupation of the premises during the term they were

actually occupied. (*Thomas* v. *Nelson*, 69 N. Y. 118.) The right to recover rent for the premises after they were vacated August 31, 1871, is barred by the statute of limitation. In the most favorable view for the plaintiff, the tenancy which arose out of this void agreement, followed by occupation and payment of monthly rental, was a tenancy from month to month, and could be determined by either party at the end of each month, or could be terminated by a month's notice. (*People* v. *Darling*, 47 N. Y. 66 ; *Antterson* v. *Prindle*, 23 Wend. 616 ; *Steffern* v. *Earle*, 40 N. J. 128 ; *People* v. *Goelet*, 46 Barb. 47 ; *Bank* v. *Carter*, 7 Daly, 417 ; *Gibbons* v. *Dayton*, 4 Hun, 51.) The trial court erred in the admission of the question : "What is your judgment as to the injury you sustained ?" The measure of damages cannot be proved in this way. Witnesses are to give facts, and the jury is therefrom to estimate the damages. (*Tarpenning* v. *Corn. Exch. Ins. Co.*, 43 N. Y. 282 ; *Morehouse* v. *Mathews*, 2 id. 514 ; *Richardson* v. *Northrup*, 66 Barb. 86 ; *Thompson* v. *Dickhart*, id. 604 ; *Vandusen* v. *Young*, 29 N. Y. 36 ; *Schermerhorn* v. *Tyler*, 11 Hun, 549 ; *Fish* v. *Dodge*, 4 Den. 311–318 ; *Green* v. *Planck*, 48 N. Y. 669.) The trial court erred in excluding the evidence offered by defendant to show that Scheffer received a discharge in bankruptcy on June 28, 1876. Such a discharge effectually discharged Scheffer from all liability for this indebtedness. (U. S. Rev. Stat., § 5119 ; *Munroe* v. *Upton*, 50 N. Y. 593–597 ; *Clarke* v. *Rowley*, 3 id. 216 ; *Ruckman* v. *Cowell*, 1 id. 505 ; *Ocean Internat. Bk.* v. *Olcott*, 46 id. 12–16.) The trial court erred in withdrawing the case from the jury, and in directing a verdict for the plaintiff. (*Gildersleeve* v. *Landon*, 73 N. Y. 609 ; *Hoenegger* v. *Wettstein*, 95 id. 252–261 ; *Cavanaugh* v. *Wilson*, 70 id. 177 ; *Ellwood* v. *W. U. T. Co.*, 45 id. 549.)

*O. O. Cottle* for respondent. The statute of limitations will not be available until twenty years after the entry of the original judgment. (*Maples* v. *Mackey*, 22 Hun, 228 ; affirmed, 98 N. Y. 146.) The original judgment was valid. The court

had jurisdiction by service of the original summons, and its proceedings, even had they been irregular, were valid until set aside. (*Spalding* v. *Congdon*, 18 Wend. 543; *Maples* v. *Mackey*, 15 Hun, 533, 537; *Bissell* v. *N. Y. C. & H. R. R. R. Co.*, 67 Barb. 385; *Schaettler* v. *Gardiner*, 47 N. Y. 404; *Wesson* v. *Chamberlin*, 3 id. 331; *Bk. of Orange* v. *Brown*, 1 Wend. 31; *Herring* v. *N. Y., etc., R. R. Co.*, 63 How. 497; *Nat. Bk.* v. *Spencer*, 19 Hun, 569; *Cromwell* v. *Hull*, 97 N. Y. 209.) The court had power to vacate the stay of proceedings and allow judgment to be entered *nunc pro tunc*. (*Post* v. *Hathorn*, 54 N. Y. 147; *Scranton* v. *Baxter*, 3 Sandf. 660; *Springsted* v. *Jayne*, 4 Cow. 423; *Rightmeyer* v. *Durham*, 12 Wend. 245; *Spalding* v. *Congdon*, 18 id. 543; *Crawford* v. *Wilson*, 4 Barb. 504; *Mackey* v. *Rhinelander*, 1 Johns. Ch. 408.) The extent of plaintiff's demand is established by the original judgment. The plaintiff had only to give evidence of the defendant's liability. (Code of Civil Pro., § 1933.) By holding over and paying rent according to the lease, after six months had expired, the lessees elected to continue the lease; the condition for written notice was waived; and the lessees were estopped from alleging that the notice had not been given. (*Viany* v. *Ferran*, 5 Abb. Pr. [N. S.] 110; *House* v. *Burr*, 24 Barb. 525; *Belso* v. *Kelly*, 1 Daly, 414, 419; *Kramer* v. *Cook*, 7 Gray [Mass.], 552; *Graham* v. *Jarves*, 7 Robt. 468; McAdam's Landl. and Ten. 27, 232–3; *Conway* v. *Starkweather*, 1 Den. 113.) Evidence that John H. Scheffer had been discharged in bankruptcy was immaterial, and it was not error to exclude it. Bankruptcy is a personal defense of which no one but the bankrupt can take advantage. (*Hartness* v. *Thompson*, 5 Johns. 16; *Van Bramer* v. *Cooper*, 2 id. 279; *Cruikshank* v. *Gardner*, 2 Hill, 333; 2 Cowen's Treat. [3d ed.] 482.) There was no evidence to go to the jury that Mrs. Long had released the defendant; the talk they had about his selling out to Frank E Scheffer did not tend to show a release to Stafford from liability according to Stafford's own statement of it. (*House* v. *Burr*, 24 Barb. 525.) If notice of motion for leave to enter judgment *nunc pro tunc* was necessary,

service on the attorney who appeared in the trial was proper. (*Spalding* v. *Congdon*, 18 Wend. 543; *Scranton* v. *Baxter*, 3 Sandf. 660; *Springsted* v. *Jayne*, 4 Cow. 423; *Crawford* v. *Wilson*, 4 Barb. 523–4.) The action as brought is maintainable against the defendant Stafford, the surviving joint debtor. (*Morey* v. *Tracy*, 92 N. Y. 581; *Lane* v. *Salter*, 51 id. 1.)

EARL, J. On the 24th day of October, 1870, Lydia P. Long, the intestate, executed to the defendant and John H. Scheffer a lease of a store in the city of Buffalo. The lease was under seal and executed by the lessor and lessees, and was for six months, to commence on the 1st day of November, 1870, at a rental of $25 per month, with a provision for a continuance for two years longer, as follows: " And it is further agreed that party of the second part shall have the privilege of continuing this lease for two years from May 1, 1871, to May 1, 1873, at the annual rental of $600, to be made in monthly payments in advance on the first day of each and every month during said lease by first giving written notice to the party of the first part on the first or during the month of February, 1871, of such intention."

The lessees entered into possession of the store and paid the stipulated rent at the rate of $25 per month until May 1, 1871, and after that date continued to occupy the store until September 1, 1871, paying the stipulated rent at the increased rate of $50 per month. The store was then vacated and no rent was thereafter paid.

In 1874 the intestate commenced an action in the Superior Court of Buffalo against the lessees and Frank E. Scheffer to recover the rent from September 1, 1871, to May 1, 1872, and damages for the breach of certain covenants contained in the lease. The summons was served upon the two Scheffers, but not upon Stafford. The Scheffers appeared and answered, and upon the trial of that action the court dismissed the complaint as to Frank E. Scheffer, and the jury rendered a verdict in favor of the plaintiff against the other two defendants for $497.11. The entry of the judgment was stayed, and the

court ordered the exceptions taken by the defendant to be heard at the General Term. They were not brought to a hearing, and John H. Scheffer died in 1881. Upon a motion made at a Special Term of the court on behalf of Mrs. Long, notice of which was given to the attorneys for the defendant Scheffer, the court made an order May 23, 1882, vacating the stay of proceedings so far as to permit her to enter judgment *nunc pro tunc* as of the day upon which the verdict was rendered, to-wit, June 25, 1875, and judgment was thereupon entered for damages and costs for the sum of $621.08, containing a provision that the plaintiff have execution against the joint property of the defendants Scheffer and Stafford, and the individual property of Scheffer. Thereafter on the 25th day of May, 1882, Mrs. Long commenced this action to charge the judgment upon the property of the defendant Stafford. He put in an answer and upon the trial of the issues thus joined the court ordered a verdict in favor of the plaintiff for $973.03. She having died, her administrator was substituted as plaintiff.

The Code (§ 1993) provides that such a judgment as Mrs. Long obtained against Scheffer and Stafford as joint debtors is evidence only of the extent of the plaintiffs' demand, after the liability of the defendant not served has been established by other evidence; and section 1937 authorizes an action by the plaintiff in such a judgment against the defendant not summoned to procure a judgment charging his property with the sum remaining unpaid upon the original judgment. The defendant's answer in such an action is by section 1939 "restricted to defenses or counter-claims which he might have made in the original action, if the summons therein had been served upon him when it was first served upon a defendant jointly indebted with him, objections to the judgment and defenses or counter-claims which have arisen since it was rendered."

The defendant makes several objections to the judgment rendered against him in this action, which we will notice separately.

*First.* It is claimed that by the death of Scheffer the joint liability of Scheffer and Stafford and the separate liability of

the estate of Scheffer for the payment of the rent were discharged ; and the cases of *Getty* v. *Binsse* (49 N. Y. 385) and *Risley* v. *Brown* (67 id. 160) are cited to uphold this claim. But those authorities and the principle decided by them have no application to this case as Scheffer was not a mere surety, but was a principal debtor. The argument of defendant's counsel, built upon this claim, therefore fails.

*Second.* It is objected that the court had no authority to make the order *nunc pro tunc* for the reason that notice upon the persons who had been the attorneys for Scheffer was insufficient, and also for the reasons stated in the opinion in *Tuomy* v. *Dunn* (77 N. Y. 515).

The Code (§ 763) provides that if a party dies after verdict and before final judgment, the court must enter final judgment in the name of the original parties ; and section 1210 provides that when judgment is entered in such a case a memorandum of the party's death must be entered with the judgment, in the judgment-book, indorsed on the judgment-roll, and noted on the margin of the docket of the judgment ; and that such a judgment does not become a lien upon the real property or chattels real of the decedent, but establishes a debt to be paid in the course of administration. The latter section was complied with in this case, and the two sections were authority for the judgment entered as against the deceased defendant. The fact that the judgment was entered *nunc pro tunc* as of the date of the verdict rather than as of the date of entry harmed no one connected with his estate, as it could in any event be paid only in the course of administration. The date as of which the judgment was entered was a wholly immaterial circumstance, as the effect of the judgment as against the estate of the deceased was in no way influenced thereby and in no way depended thereon. In the case of *Tuomy* v. *Dunn*, there was no compliance with section 1210, and the effort was to enter a judgment which would be a lien as of the date of the verdict, and would thus have a preference in administration upon the estate of the decedent.

The entry of the judgment was a mere formal matter which

the court could have ordered without notice to any one without rendering it liable to assault as entirely void. Even if the service of notice in this case upon the attorneys was improper it was at most an irregularity and not a fatal defect.

So far as the joint property of the two defendants was concerned, the practice was not regulated by the two sections of the Code quoted. The stay of proceedings was the act of the court, and as to such property it had the common-law authority to enter judgment *nunc pro tunc* as of the date of the verdict. The right of courts of record to exercise such authority has been always asserted and cannot now be well disputed.

*Third.* But it is further claimed that under section 1000 of the Code, no judge but the one who made the order staying proceedings and ordering the exceptions to be heard in the first instance at the General Term could make the order, and that the revocation in this case was not made by the order of such a judge. Here the order was not entirely revoked; it was simply modified so as to allow the entry of judgment. This the court could do at any Special Term held by any judge. The section should be construed, not as a limitation upon the power of the court, but as a limitation upon the power of a judge out of court.

But it is not necessary to notice more particularly the objections made to the order and judgment. They were not void if irregular, and they could not be attacked collaterally even by the representatives of Scheffer. Much less could Stafford assail them collaterally. There was no irregularity in reference to them which affected any of his substantial rights. Section 1939 reserves to a defendant situated like Stafford the right to make " objections to the judgment." But what objections? It may not be easy to answer this question. They must at least be legal, valid objections, such as a party to the judgment might make, and not such as have always been excluded. They must be such objections as go to the validity and binding efficacy of the judgment.

*Fourth.* The judgment in the original action was evidence against Stafford of the extent of plaintiff's demand, and all

plaintiff was bound to do was, by other evidence, to establish the joint liability of the defendant with Scheffer for that demand. This plaintiff did. The lessees entered upon the prolonged term of two years provided for in the lease with the consent of the lessor, and paid the rent up to September 1, 1871, at the increased rent. Without alluding to the evidence of an express waiver of the written notice to take the further term, such notice must be held to have been waived by the acts of the parties to the lease. Their acts in the continued occupancy of the store, and the payment and receipt of the increased rent, can have no other meaning or significance except that of an election to take the store for the new term. Whether the requirement of written notice was for the benefit of the lessees only, or for the benefit of both lessor and lessees, they were competent to waive it by parol, and a waiver is to be implied from their conduct.

There is no proof that Mrs. Long ever agreed to accept the surrender of the store, and thus to terminate the lease prior to May 1, 1872. On the contrary she refused to accept the key when tendered to her. The fact that she took it from the place where the lessees left it against her will and entered the store has no significance. The defendant, therefore, continued liable for the rent to May 1, 1872.

*Fifth.* It is also objected that plaintiff's demand for rent was at the time of the commencement of this action barred by the statute of limitations. But this was a proceeding to charge the defendant with the original judgment, and unless that was barred, the cause of action was not barred. (*Maples* v. *Mackey*, 89 N. Y. 146.) Besides the defendant's original liability was upon the lease, and as that was under seal, there was no ground for holding that the statute of limitations barred plaintiff's claim.

We have now noticed the principal objections made by the defendant against the judgment; and a consideration of the whole case has led us to the conclusion that the verdict was properly ordered for the plaintiff, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.