New York Superior Court, January, 1895.          [Vol. 11.

SAMUEL BAILIE et al., Respondents, *v.* LEOPOLD PLAUT et al.,
Appellants.

(New York Superior Court — General Term, January, 1895.)

A lease for a term of three years contained a provision giving the lessees a right to renew for a term of two years, provided that they gave notice thereof in writing six months prior to the expiration of the lease. No written notice was given, but the lessees continued in possession for an additional year, the rent for which was paid. In an action for rent for the succeeding quarter, the evidence was conflicting as to whether a verbal arrangement for a renewal was for one or for two years. *Held,* that the provision for a written notice of renewal was waived by the acts of the parties, which worked a renewal for the term named in the lease, and that the lessees were liable for rent for the remaining year.

To render the Statute of Frauds available as a defense it must be set up by demurrer or answer; if not so pleaded it will be deemed to have been waived.

APPEAL from judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying defendants' motion for a new trial.

*Edward S. Clinch,* for respondents.

*Edwin F. Stern,* for appellants.

GILDERSLEEVE, J. The plaintiffs, by a written lease dated January 30, 1888, leased to the defendants, who were copartners in business under the firm name of L. Plaut & Co., the top floor of a building on Cherry street, in this city, for the term of three years from May 1, 1888. The lease contained the following provision, *i. e.:* "And it is further agreed that the parties of the second part shall have the right to renew the lease of the within-demised premises for a term of two years, at the rate of $1,800 per year, on the same terms otherwise as hereinbefore specified; provided, however, that they, the parties of the second part, shall in writing notify the parties of the first part at least six months prior to the expiration of this lease."

It is admitted that there was no written renewal of the lease, but the plaintiffs claim that there was a verbal renewal of this

lease, while the defendants admit there was a verbal renewal for one year, but deny that it was renewed for any longer period. It is admitted that the defendants remained in possession of the premises after the expiration of the original term of three years, on May 1, 1891, and until sometime in February, 1892, when they moved out, but paid the rent up to May 1, 1892, when they refused to pay any more. This action is for the rent of the months of May, June and July, 1892.

There is a very sharp conflict of evidence with regard to the verbal renewal. The plaintiff D. J. Bailie swears that in November or December, 1890, the defendant R. Leopold Plaut (the senior member of the firm of L. Plaut & Co., of which the defendant Joseph Plaut is the other member) told him that the defendants would avail themselves of the privilege to take a renewal of the lease, and asked the said plaintiff if plaintiffs would accept the verbal notice, saying: "There is no further use for me to write about it or anything else?" To which plaintiff swears he replied: "No, sir; that is all acceptable, if you are going to stay." The defendant Leopold Plaut, on the other hand, swears that no such conversation took place, but admits that in March, 1891, in answer to Bailie's question, "How about keeping on here?" he replied, "Well, I guess we can hang on for another year;" and he adds: "I said to him we would hold on for another year; that year I spoke of expired on May 1, 1892; we paid our rent up to May 1, 1892." This testimony is substantially corroborated by his brother and his bookkeeper. The question of fact raised by this conflict of testimony was properly submitted to the jury, who found in favor of plaintiffs. It seems to us that there is sufficient evidence to justify their conclusion.

The provision for a written notice of renewal in the lease seems to us to have been waived by the actions of the parties, which showed an election by the defendants to renew the lease, since they continued to hold possession and pay rent after the expiration of the original term, with the consent and approval of the plaintiffs, and it seems to us that they are bound thereby and that they made themselves liable to the end

New York Superior Court, January, 1895.    [Vol. 11.

of the term.   See *Long* v. *Stafford*, 103 N. Y. 275.   Whether notice of renewal was given or not is inessential, as the acts of the parties worked a renewal.

The question raised by the defendants with regard to the Statute of Frauds is not material, as the statute is not pleaded. If the defendant in an action for breach of a contract within the statute desires to avail himself of the benefit of the statute he must plead it.   If the defect appears on the face of the complaint, the defense must be interposed by demurrer ; if it does not so appear, it must be presented by answer.   If the objection is not taken either way, defendant will be deemed to have waived it.   See *Crane* v. *Powell*, 139 N. Y. 379.

There are no other points raised upon this appeal that are of sufficient importance to demand discussion.

We are of the opinion that the judgment and order appealed from should be affirmed, with costs.

FREEDMAN and McADAM, JJ., concur.
Judgment and order affirmed, with costs.