(27 Misc. Rep. 206.)

### KRAMER v. SCHATZKIN.

(Supreme Court, Appellate Term. April 21, 1899.)

1. JUDGMENT AGAINST JOINT DEFENDANTS—ACTION TO SUBJECT PROPERTY OF DEFENDANT NOT SERVED—LIMITATIONS.

Under Code Civ. Proc. § 1937, providing that, after judgment against joint debtors, an action may be maintained against one or more of the defendants, who were not summoned in the original action, to procure a judgment charging his property; and section 1939, limiting such defendants to defenses which might have been made in the original action, and defenses which have arisen since the judgment was rendered,—such an action is not barred by limitations, when the claim against defendant was not barred when the original action was brought.

2. SAME—MERGER.

In an action against partners, only one of whom was served, judgment was rendered against the firm and the partner who was served. Action was afterwards brought against the latter alone on such judgment, and

a second judgment rendered against him. *Held*, that the right of action against the partner not served was not merged in the second judgment.

MacLean, J., dissenting.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Frederick Kramer against Solomon Schatzkin. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Jacob Levy, for appellant.

Morris Hillquit, for respondent.

LEVENTRITT, J. This is an action brought to determine the defendant's liability on a certain judgment. In a suit brought in a district court in the city of New York in the month of April, 1892, a summons was issued against the defendant and his then partner, Abram Schatzkin, to recover on a promissory note made in their firm name. This defendant was not served and did not appear. On the 3d day of May, 1892, judgment was recovered and entered against Abram Schatzkin and this defendant as co-partners, and against Abram Schatzkin personally. In April, 1898, on the eve of the expiration of that judgment, an action founded thereon was begun against Abram Schatzkin as sole party defendant, and resulted, on the 21st day of April, 1898, in a second judgment against him. On the 5th day of May, 1898, the present action was instituted against Solomon Schatzkin as sole party defendant, who pleaded the statute of limitations to the original debt; and merger of the cause of action against him in the judgment of April 21, 1898, entered against Abram Schatzkin alone. In the court below both parties moved for judgment on the pleadings. The defendant prevailed, and this appeal was taken.

This was error, as neither plea can be sustained. This action was brought under section 1937 of the Code of Civil Procedure, and the available defenses to that action are set forth in section 1939 of that act. These sections were enacted, respectively, in substitution of sections 375 and 379 of the Code of Procedure. Section 375 reads:

"When a judgment shall be recovered against one or more of several persons jointly indebted upon a contract, * * * those who were not originally summoned to answer the complaint, may be summoned to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned."

And section 379 of the old Code, limiting the defenses, reads:

"Upon such summons, any party summoned may answer within the time specified therein, denying the judgment or setting up any defense thereto which may have arisen subsequently to such judgment; and, in addition thereto, if the party be proceeded against according to section 375, he may make any defense which he might have made to the action if the summons had been served on him at the time when the same was originally commenced, and such defense had been then interposed to such action."

The latter section was construed to prohibit the defense of the statute of limitations, unless such defense existed at the time such

original action was commenced. Maples v. Mackey, 89 N. Y. 146; Gibson v. Van Derzee, 47 How. Prac. 231; Bank v. Luff, 51 How. Prac. 479.

In Maples v. Mackey, the court said:

"Section 379 of the Code of Procedure * * * authorized the defendant to deny the judgment, or set up any defense thereto which may have arisen subsequently, and, in addition, to make any defense which he might originally have made to the action. * * * But the action having been commenced in due time, by service on his co-defendant, he cannot sustain the defense of the statute of limitations. The statute places him, with regard to his defense, in as good a position as though judgment had not been entered, but in no better."

In Gibson v. Van Derzee, supra, Van Brunt, J., construing the intention of the legislature, says:

"It seems to me that it was the evident intention to put the parties in precisely the same position that they would have occupied had the action been commenced as to one, and no judgment entered until the other had been served with process."

In other words, if an original action had been brought in a court of record, prior to the present Code, against Abram and Solomon Schatzkin, and a subsequent proceeding, at the foot of the judgment therein, taken against Solomon Schatzkin, under section 375 of the old Code, the latter could have pleaded the statute of limitations only, if that defense was available to Abram Schatzkin, his joint debtor, when served. The Code of Civil Procedure has not enlarged the rights of an unserved joint debtor. The effect of the substituted provision (sections 1937, 1939) was to abolish the special remedy at the foot of the original judgment by the summons to show cause, leaving as the only remedy the institution of a new action.

Section 1937, which takes the place of former section 375, reads:

"After the recovery of a judgment against joint debtors, * * * an action may be maintained by the judgment creditor, against one or more of the defendants, who were not summoned in the original action, to procure a judgment, charging his or their property with the sum remaining unpaid upon the original judgment."

Section 1939, which, like former section 379, relates to the defenses which may be interposed, reads:

"The defendant's answer is restricted to defenses or counterclaims which he might have made in the original action, if the summons therein had been served upon him, when it was first served upon a defendant jointly indebted with him; objections to the judgment; and defenses or counterclaims which have arisen since it was rendered."

The section last quoted does not permit any defenses other than those authorized by the old practice. The answer, as heretofore, may be directed either against the original cause of action or against the judgment recovered thereon. If against the original cause of action, the defense pleaded must have existed when that action was instituted. If against the judgment, the plea must be either an objection to the judgment, a defense to the judgment, or a counterclaim to the judgment. As to the objections, they must go to the validity and binding efficacy of the judgment (Long v. Stafford, 103 N. Y. 274, 8 N. E. 522); as to the defenses, they in-

clude such as payment, release, and discharge in bankruptcy; and as to counterclaims, such as exist in favor of the defendant when served. The "defenses and counterclaims which have arisen since it was rendered" obviously mean defenses and counterclaims to the judgment which arose since the judgment was rendered. It follows, therefore, that the authorities referred to, construing section 379 of the Code of Procedure, apply with equal force to section 1939 of our present Code. The defense of the statute of limitations, then, could not be sustained unless the statutory period had run when the original action was commenced.

It was commenced as against Solomon Schatzkin, as well as against Abram Schatzkin, when the latter was served in April, 1892, and at that time six years had not elapsed since the cause of action had accrued. While the quoted sections of the Code of Procedure were limited in their application to courts of record, and did not extend to the district courts (Ticknor v. Kennedy, 4 Abb. Prac. [N. S.] 417; Johnson v. Smith, 14 Abb. Prac. 421), the quoted sections of the Code of Civil Procedure have, by statutory enactment, been made applicable to the municipal court (Consol. Act, § 1396; Greater New York Charter, § 1369). We must hold, therefore, that the plaintiff's cause of action was not barred by the statute of limitations.

Nor is there substance to the defense of merger. The original judgment recovered on the joint obligation on the 3d day of May, 1892, was entered against both Abram and Solomon Schatzkin. By entering it against both, the plaintiff preserved his rights against both. Had he elected to sue or enter judgment against Abram alone, Solomon, in a subsequent suit against him, could have pleaded that the entire cause of action was merged in that judgment. Candee v. Smith, 93 N. Y. 349; Heckemann v. Young, 134 N. Y. 170, 31 N. E. 513; Raft Co. v. Roach, 97 N. Y. 378. Instead of relieving this defendant, it charged him with an undetermined liability, which this action is brought to define. Morey v. Tracey, 92 N. Y. 581. In view of the form of the original judgment, it cannot be said that the subsequent judgment against Abram alone, obtained solely for the purpose of preventing the extinguishment or impairment of his remedy against Abram, can be invoked to defeat his rights against this defendant. Our conclusion, then, is that it was error for the justice to render judgment for the defendant. It must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). Unless it is to be determined that section 1939, Code Civ. Proc., denies to a defendant impleaded as a joint debtor, but not summoned in the original action, the benefit of the statute of limitations, it seems to me a good defense that this action was not begun within six years after the rendering of the final judgment in the original action, rendered, as it was, in a

court not of record. Code Civ. Proc. § 382, subd. 7. As was re-marked by Earl, J., writing the opinion of the court of appeals in Long v. Stafford, 103 N. Y. 274, 8 N. E. 522, it may not be easy to answer the question, what "objections to the judgment" are reserved to the defendant in section 1939? Taking from him the answer: "They must, at least, be legal, valid objections, such as a party to the judgment might make; * * * such objections as go to the * * * binding efficacy of the judgment." But it is not to be gainsaid that the "objection to the judgment" set up, as stated above, by this defendant, would be a legal, valid objection for Solomon Schatzkin, who was the sole party defendant to the original judgment summoned in that action, had the plaintiff waited until after the lapse of six years from the rendering of that original judgment before beginning the new action against him. Moreover, an answer to the question here raised has been indicated in a case arising under section 375 of the preceding Code, and of which the section here applicable is in amplification, wherein it was said: "He was, under this section, at liberty to show that the judgment had been paid or otherwise discharged, and, if twenty [here six] years had elapsed, probably the presumption of payment would have applied." Rapallo, J., in Maples v. Mackey, 89 N. Y. 146.