## McMAHON v. ARNOLD.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

1. JUSTICE'S JUDGMENT—ACTION THEREON—LIMITATION.

Where the transcript of a judgment recovered in a justice's court had been filed prior to 1894, the amendments to Code Civ. Proc. §§ 376, 382, subd. 7, made thereto by Laws 1894, p. 556, c. 307, changing the limitation in actions on justices' judgments in cases where transcripts are "hereafter docketed" or "shall be filed" pursuant to section 3017 from 6 to 20 years, do not apply in an action commenced on such judgment subsequent to the amendments.

McLennan, P. J., dissenting.

Appeal from Trial Term, Cattaraugus County.

Action by James G. McMahon against Charles E. Arnold. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

E. D. Northrup, for appellant.
W. G. & A. M. Laidlow, for respondent.

WILLIAMS, J. The judgment should be reversed on questions of law, and a new trial ordered, with costs to the appellant to abide event.

The action was brought to recover the amount of a judgment re-covered in justice's court. The defense was the statute of limitations. The question involved is, what statute of limitation is applicable? The justice's judgment was rendered April 8, 1892. The justice's transcript was given April 9, 1892. The transcript was filed in the county clerk's office April 25, 1892. This action was commenced August 5, 1902. So that full ten years elapsed after the rendition of the judgment and the filing of the transcript before this action was commenced. Prior to 1894 the limitation for actions upon judgments rendered by justices' courts was six years (Code Civ. Proc. § 382, subd. 7), as it was prior to that date. Dieffenbach v. Roch, 112 N. Y. 621, 20 N. E. 560, 2 L. R. A. 829. By chapter 307, p. 556, of the Laws of 1894, sections 376, 382, subd. 7, were amended so as to change the limitation in cases where transcripts were filed pursuant to section 3017 from six to twenty years, and the latter section was also so amended as to limit the time for the filing of a transcript to six years from the date of rendition of the judgment. It will be recollected that the transcript in this case was filed in 1892, and none has been filed since the amendments of 1894 above referred to.

The question is whether the amendments to sections 376, 382, subd. 7, cover this case, where the transcript had already been filed when the amendments were enacted. The language imported into section 376 by the amendment of 1894 is a judgment "hereafter docketed pursuant to the provisions of section 3017 of this act," and the language imported into section 382, subd. 7, is "except where a transcript shall be filed pursuant to section 3017 of this act." These words all point to the future, and not to the past, and cannot well be construed so as to cover judgments which had already been docketed under section 3017. Section 9 of the statutory construction law (chapter 677, p. 1487, of the Laws of 1892) provides that the term "hereafter," when used in any provision of a statute, relates to the time such provision takes effect. Moreover, the language used in section 376, immediately in connection with the language of the amendment, shows the intent to use this word in its actual and restricted sense. With reference to surrogate's judgments the word "heretofore" is used, and with reference to judgments of courts of record in the United States and elsewhere the word "heretofore" or "hereafter" is used. So that the real meaning of these words was kept in mind, and only the word "hereafter" was used with reference to justice's judgments. We must assume, therefore, that only future, and not past, judgments were intended

to be covered by the amendment. This being so, the plaintiff's judgment was not preserved by the amendment. The limitation as to it was still six years, under section 382, subd. 7, and no recovery could be had thereon in this action.

The judgment should therefore be reversed, as already suggested.

Judgment reversed and new trial ordered; costs to abide the event. All concur, except McLENNAN, P. J., who dissents.