(117 App. Div. 284)

### HOFFERBERTH v. NASH.

(Supreme Court, Appellate Division, First Department.　January 25, 1907.)

1. PARTNERSHIP — ACTIONS AGAINST PARTNERS — JUDGMENT — ENFORCEMENT AGAINST PARTNER NOT SERVED WITH PROCESS.

Where plaintiff attempted to state a cause of action against one of two joint debtors, who had not been summoned in a previous action on the debt, in which judgment had been recovered, plaintiff's omission to allege that the summons was not served on the defendant in the present suit was not fatal to a recovery after proof of such fact had been made without objection, but the court should have permitted an amendment of the complaint to conform to such proof.

2. SAME—NATURE OF PROCEEDING.

Code Civ. Proc. § 1937, provides that after judgment against joint debtors an action may be maintained against one of them not summoned in the original action to procure a judgment charging his property with the amount unpaid on the judgment. Section 1939 restricts the defendant in such an action to defenses or counterclaims which he might have made in the original action if he had been served therein; objections to the judgment; and defenses or counterclaims which have arisen since it was rendered. *Held*, that the action so provided for was not an action on the previous judgment within the provisions of the Code, relating to actions to revive the lien of a judgment, nor within those provisions requiring leave of court before action may be brought, but was a special statutory action which could not have been maintained at common law.

3. SAME—LIMITATIONS.

The action did not accrue until the recovery of the former judgment, and was therefore barred after 10 years thereafter by Code Civ. Proc. § 388, limiting the commencement of actions not otherwise limited in chapter 4, tits. 1, 2, to 10 years after the cause of action accrued.

Appeal from Trial Term, New York County.

Action by Charles Hofferberth against George Nash. From an order of the Appellate Term (98 N. Y. Supp. 684), affirming a judgment of the City Court in favor of plaintiff, entered on a directed verdict, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Pace & Stimpson (Elias B. Goodman, of counsel), for appellant.
James A. Allen, for respondent.

LAUGHLIN, J.  The defendant and one George Collins were engaged in business as copartners under the style of Collins & Nash. On the 4th day of March, 1884, in an action in the City Court of New York, brought by this plaintiff against both Collins and Nash, upon a copartnership liability, but in which the defendant Collins alone was served and the defendant Nash did not appear, the plaintiff recovered a judgment, and on the same day a transcript of the judgment was filed and docketed in the office of the clerk of the county of New York. This action was commenced on the 26th day of June, 1902, to charge the defendant, pursuant to the provisions of section 1937 of the Code of Civil Procedure, with the amount unpaid on the judgment.   The defendant herein pleads, among other things, the statute of limitations of 10 years and of 6 years since the recovery of the former judgment, payment, and failure to procure an order of the court, granting leave to bring the action.   The partnership obligation upon which the original recovery was had was an account for lumber sold and delivered to Collins & Nash as copartners.   Counsel for the plaintiff, in opening the case, stated that the action was brought on the old judgment, the defendant Nash not having been served, and he introduced the judgment roll and a transcript of the judgment which showed that the defendant Nash had not been served.   According to the record the defendant, at the close of plaintiff's case, moved to dismiss the complaint upon the ground that the complaint did not show that the defendant Nash was served, or that Collins was the only party served. It is evident that the word "not" is omitted from the record because the ground of objection, if any, was that the complaint failed to show that Nash was not served and the amendment thereupon asked for shows that such was the objection interposed.   Counsel for the plaintiff objected upon the ground that it was too late to move to dismiss upon the pleadings, and the court suggested that the motion was to dismiss for lack of proof, whereupon counsel for plaintiff moved to amend the complaint to conform to the proof showing that the defendant Nash was not served.   This motion was denied.   It is now urged that the complaint, owing to this omission, was insufficient to bring the action within sections 1937 and 1938 of the Code of Civil Procedure.   It was manifest that the pleader attempted to state a cause of action authorized by those sections, and the omission to allege that the summons was not served on the defendant was not, after the proof was made without objection, fatal to a recovery.   The court should have allowed the complaint to be amended in that respect, but its failure to do so does not entitle the defendant to a reversal.

The serious question presented by the appeal is whether the ten-year statute of limitations is a bar to the action.   The statute of limitations has not been pleaded as a defense to the original cause of action. It is not claimed, and could not be successfully maintained, that the statute of limitations has run against the original copartnership liability, for it appears that the summons was served upon the other copartner within six years after the cause of action arose, and by the ex-

press terms of section 1939, that is the test of the liability upon the original cause of action of the defendant not served. Section 1939 of the Code of Civil Procedure restricts the defendant in such an action "to defenses or counterclaims, which he might have made in the original action, if the summons therein had been served upon him, when it was first served upon a defendant jointly indebted with him; objections to the judgment; and defenses or counterclaims, which have arisen since it was rendered." Sections 1937, 1938, and 1939 are a substitute for section 375 and sections 377 to 381, inclusive, of the former Code of Procedure, which prescribed a proceeding by which the joint debtor not served might be summoned to show cause why he should not be bound by the judgment in the same manner as if he had been originally summoned. The proceedings under the Code of Procedure were held to be proceedings in the action at the foot of the judgment, and were deemed a continuance of the action against the joint debtor not served, and upon that theory it was held that no statute of limitations constituted a bar to the proceeding to charge the joint debtor not served, unless it had run at the time the action was originally commenced; but it was intimated that the proceeding probably could not be maintained after the lapse of a period of time, subsequent to the recovery of the judgment against the joint debtor served, sufficient to give rise to the presumption under the statute that the judgment had been paid. Maples v. Mackey, 89 N. Y. 145; Gibson v. Van Derzee, 47 How. Prac. 231; Broadway Bank v. Luff, 51 How. Prac. 479. Notwithstanding these provisions of the Code of Procedure, it was held that the plaintiff who had brought an action against two or more joint debtors, not serving all of them, and taken judgment against all, but in form only, as prescribed by the statute, against those not served—was still at liberty to bring another action upon the original cause of action against all of the joint debtors upon the theory that the provisions of the Code of Procedure to which reference has been made, gave a cumulative. but not an exclusive remedy. Prince v. Cujas, 7 Rob. 76; Lane v. Salter et al., 51 N. Y. 1; Dean v. Eldridge, 29 How. Prac. 218. By such action it would seem that the plaintiff would be proceeding substantially de novo in disregard of the judgment, and that the defendants, other than those served in the former action at least, would be free to interpose the statute of limitations, regardless of the fact that the original action was timely brought; but that question does not arise for decision in the case at bar, and it is unnecessary to decide whether, in view of the provisions of the Code of Civil Procedure. which have substituted an action for what was formerly a proceeding in the former action, the rule which formerly prevailed, permitting a new action against all of the joint debtors, still obtains. It is manifest that this is not such an action. It is against the defendant not served only, and it is based. and can be sustained. if at all, only upon the provisions of sections 1937, 1938, and 1939 of the Code of Civil Procedure. If this were to be deemed an action upon a judgment within the provisions of sections 376 and 378 of the Code of Civil Procedure, the object of which would be to restore the lien of the judgment which continued only for 10 years. and to extend the life of the judgment, the ten-year statute of limitations pleaded would

not be a bar, and the only statutory period that would be a bar to the action, as the judgment is or by filing the transcript has become a judgment of a court of record, would be the lapse of 20 years. Code Civ. Proc. § 2, subds. 9, 376, 378; Brush v. Hoar, 15 N. Y. St. Rep. 859, 1 N. Y. Supp. 112; Gray v. Seeber, 25 N. Y. St. Rep. 641, 6 N. Y. Supp. 802, 917; McMahon v. Arnold, 107 App. Div. 132, 94 N. Y. Supp. 775; Seaman v. Clarke, 60 App. Div. 416, 69 N. Y. Supp. 1002, affirmed 170 N. Y. 594, 63 N. E. 1122. I am of opinion, however, that it is not an action on the judgment within the meaning of those provisions of the Code of Civil Procedure, and that they relate only to actions to revive the lien of the judgment, and extend its life as against parties already bound thereby. Nor is it, I think, an action on a judgment within the provisions of section 1913 of the Code of Civil Procedure, requiring leave of the court before the action may be brought. It is not, strictly speaking, an action on the original liability. If it were the defendant might demur on the ground of the nonjoinder of his former partner, and, but for the statute, he might allege that his liability was discharged by the election of the plaintiff to take judgment against his partner. The plaintiff is not required to plead the facts as he was required to set them forth in the original action. He is merely required to allege that the judgment was recovered on a joint liability; and proof of that fact charges the defendant not served with the amount unpaid on the original judgment, including the costs and disbursements embraced therein. Section 1940 of the Code of Civil Procedure declares that for the purpose of obtaining a provisional remedy, it shall be regarded as an action founded upon the contract upon which the original judgment was recovered, and section 1941, after providing that if the plaintiff recovers the judgment must determine the amount unpaid on the original judgment, declares that costs must be awarded as if the action was brought upon the original contract, and the amount remaining unpaid on the judgment had been recovered therein. These provisions shed no light on the question as to the nature of the action for the purpose of determining the applicability of the statute of limitations. It is not a cause of action that existed at common law. It appears to be a cause of action under the statute. If the plaintiff fails to show the recovery of the judgment, and that it was recovered on a cause of action for which the defendant not served was jointly liable with the defendant served, he fails, and his complaint must be dismissed. What the defendant may show as a defense does not affect the nature of the action. The defendant, not having been served, and not being personally bound by the former judgment, except to the extent of his interest in the copartnership assets, because he has not had his day in court, may, of course, show that the statute of limitations had run at the time the former action was commenced, or that he was not jointly liable with the person served, and either of these facts would constitute a defense; but, nevertheless, I think it is in a sense a special statutory action, for it could not have been maintained at common law. I am of opinion that the change of remedy from a proceeding in the action at the foot of the judgment under the Code of Procedure to a new action under the Code of Civil Procedure works a change in the rule that the statute of limi-

tations is not a defense. This action could have been maintained the moment the original judgment was recovered, and it could not have been maintained before. This cause of action therefore whether statutory or partly statutory and partly on the original cause of action or judgment, was not complete and did not accrue until the recovery of the former judgment. The docketing of the judgment duly affects its becoming a lien upon property, and is not a condition precedent to bringing an action of this character. Whitney et al. v. Townsend, 67 N. Y. 40. This is not an action to enforce the judgment, but to establish the personal liability therefor of the joint debtors made defendants, but not served, and therefore the action may be brought before execution, and even though proceedings on the former judgment are stayed pending appeal, because the former judgment could only be enforced against the joint property or the individual property of the debtor served. It is immaterial, therefore, to the present inquiry that the clerk, in docketing the original judgment, omitted to insert a statement that this defendant was not personally served.

If any statute of limitations other than the 20-year period, which would give rise to the presumption of payment of the judgment, is a bar to this action, therefore, it commenced to run from the date of the recovery of the judgment, which was more than 10 years prior to the commencement of this action. I am of opinion that the only provision of the statute of limitations applicable to this action is section 388 of the Code of Civil Procedure, which limits the commencement of actions not otherwise limited in titles 1 and 2 of chapter 4 of the Code of Civil Procedure, to 10 years "after the cause of action accrues." I think that this cause of action accrued the moment the former judgment was recovered. If so, it was barred by the lapse of 10 years, and the plea of the 10-year statute of limitations was a good defense. The plea of the statute of limitations is permitted under the clause of the statute, which provides that the defendant may plead a defense or counterclaim which has arisen since the judgment was rendered. The case of Long v. Stafford, 103 N. Y. 274, 8 N. E. 522, is not in conflict with these views, and, on the contrary, contains an intimation, I think, in accordance with them. There the statute of limitations was pleaded as a defense to the original cause of action, and not to the judgment with which it was sought to charge the defendant. The court held that the only bar, if any, would be one to the proceeding to charge the joint debtor not served with the judgment.

We have examined the decision of the Appellate Term in Kramer v. Schatzkin, 27 Misc. Rep. 206, 57 N. Y. Supp. 803, made by a divided court. There the statute of limitation had been pleaded as a defense, not to the judgment, but to the original cause of action. That case was therefore correctly decided upon the ground that the statute of limitations was not a bar; but with the views expressed in the prevailing opinion that there is no distinction with respect to the application of the statute of limitations between the proceeding at the foot of the judgment under the provisions of the Code of Procedure, and the action under the Code of Civil Procedure I am unable to agree.

It follows that the determination of the Appellate Term and the

102 N.Y.S.—21

judgment and order of the City Court should be reversed, and a new
trial granted, with costs to appellant to abide the event.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J.   I concur with Mr. Justice LAUGHLIN in the
reversal of this judgment.   I am inclined to think, however, that the
statute of limitations commenced to run when the cause of action ac-
crued and that the six-year statute of limitations applied.   The com-
mencement of the action against the defendant's co-obligor could not
in any way affect this judgment against the defendant; he stood in
exactly the same relation to the plaintiff as before the commencement
of that action, and the cause of action against him was, I think, barred
in this case six years after it accrued.

By section 1933 of the Code of Civil Procedure, the judgment in
the former action was evidence only against the defendant upon whom
the summons was served, or who appeared in the action; except as
against the defendant not served, such a judgment was evidence only to
the extent of the plaintiff's demand after the liability of the defendant
not served had been established by other evidence.   In this it seems
to clearly follow that the right to recover is based upon the original
cause of action, and not in any way upon the judgment against the
joint debtor who was served.   Now, if it appeared when the new ac-
tion authorized by section 1937 of the Code of Civil Procedure was
commenced that the defendant was not liable upon the original cause
of action either because there was no joint liability, or because the
claim was barred by the statute of limitations, or for any reason, it
seems to me that no cause of action was proved, and the action should
not be maintained.   The fact that the statute of limitations was a bar
where the statute had run after the entry of judgment in the first
action is a defense which arose after the first judgment was rendered,
because it was only when the statute had run that it became available
as a defense, and this defendant would then interpose such defense
under section 1939 of the Code of Civil Procedure.

As this action was commenced many years after the statute of
limitations had run against the plaintiff's claim, I think the six-year
statute of limitations was a good defense, and for that reason the
judgment should be reversed.